CHAPIN *v.* THE BOARD OF COMMISSIONERS OF STEUBEN COUNTY.

CONTRACT—PAYMENT—PLEADING.—*A* recovered a judgment against a county, and a few days thereafter the county auditor issued county orders to pay the judgment, and delivered them to *A*, who received them in payment and satisfaction of the judgment. The judgment was afterwards reviewed and reversed, and a new trial ordered. *A* then pleaded the facts aforesaid as equivalent to a voluntary payment and discharge of the judgment by the county, and as a bar to a re-trial.

*Held*, that the auditor had no power to contract that said orders should be received in payment and satisfaction of said judgment, and that their delivery as aforesaid did not amount to payment, and constituted no bar to the re-trial of the cause.

PRACTICE.—When a cause is appealed to this Court for error in sustaining a demurrer to the complaint, and the error is confessed here, and the judgment reversed and the cause remanded, and the demurrer is then overruled by the Court below, it is not error for the latter Court to refuse to permit another demurrer to be filed to the same complaint.

APPEAL from the *Steuben* Circuit Court.

HANNA, J.—*Chapin* filed before the appellees a claim for services as Clerk of the Circuit and Common Pleas Courts, and asked an allowance out of the county treasury.

The claim consisted of a per centage for receiving and paying out money on judgments, legacies, &c., and also for indexing books of record.

The appellees refused to make any allowance; *Chapin* appealed to the Circuit Court where there was judgment, for the amount of the claim, by default. Three days after the rendition of the judgment the county auditor issued to *Chapin* orders on the county treasurer for a sum equal to the amount of the judgment.

. Within a year afterwards the present appellee instituted a

proceeding to review said judgment on the grounds that the complaint did not state a cause of action; that it showed the said appellee was not liable to pay the claim set up and upon which judgment was rendered; that said judgment was for more than by the complaint appeared to be due; that the said Court had no jurisdiction of the subject matter, and could render no judgment upon it. To this complaint a demurrer was sustained, the case brought to this Court, and said ruling assigned for error. The error was confessed, the judgment reversed, and the cause sent back to the Circuit Court, where the demurrer was overruled. *Chapin* then sought to file another demurrer to the same complaint, which the Court refused to permit. An answer was then filed containing, first, a general denial; second, setting up the filing before and refusal by the appellees of said claim, the appeal, judgment by default, and reception of county orders, and averring that appellees had ample time to employ counsel and prepare for trial, but failed to do so; and that the auditor delivered the orders by him drawn upon the county treasurer in payment and satisfaction of said judgment, and that he in good faith so received them; that, afterwards, said auditor reported to said appellees the payments to county officers, included in which were said orders, and they received, ratified and confirmed said report, &c.

A demurrer was sustained to this second paragraph, and, the said *Chapin* failing to answer further, the judgment was reviewed and reversed; the case afterwards tried, and a finding and judgment for the defendants, the appellees.

A question of practice was raised on the return of the case from this Court, after the confession of errors. After the demurrer to the complaint for a review had been overruled, as directed by this Court, the said *Chapin* sought to file another demurrer to the same complaint, somewhat differently worded. We think the Court ruled correctly in refusing to

grant said motion; for, whether in any instance, a Court has the discretionary power to permit a second issue of law to be made on the same pleading or not, a case is certainly not shown where such discretion, if it exists, has been abused. The main question arising in the case is presented by the ruling on the demurrer to the second paragraph of the answer; and it is argued that the act of the auditor in issuing and of *Chapin* in receiving the county orders, as alleged, was a payment of the judgment and a discharge thereof, voluntarily made by said appellees, and that after a judgment is discharged it should not be reviewed or reversed.

Two grounds are taken by the appellee: First, that the county auditor had no legal power to issue said orders, and they were therefore void; second, if he had, that issuing them and passing them over to the said *Chapin* did not operate as a payment of said judgment.

It appears to us that the latter proposition is so clearly right that it is useless to inquire as to the former. If a judgment debtor should draw a check on a bank in favor of a judgment creditor would it *per se* operate as a satisfaction of the judgment? or if, in like manner, he should draw an order on a third person, it would not have any greater effect; or, if he should execute his promissory note, that act merely would not amount to a payment.

It has been held by this Court that a county order is, in effect, the promissory note of the county. We do not regard the answer as being any broader than the propositions here stated, for the reason that the auditor had no legal power to contract with the said *Chapin*, as averred, that the orders should be delivered in satisfaction and payment, &c.

*Per Curiam.*—The judgment is affirmed.

*D. E. Palmer* and *Case & Morris*, for the appellant.

*A. Ellison*, for the appellees.