Graham v. Russell, Aud.

## GRAHAM v. RUSSELL, AUDITOR.

[No. 18,859.    Filed February 17, 1899.]

TAXATION.—*Setting Aside Final Settlement of Decedent's Estate to Collect Taxes.—Power of County Auditor.*—A county auditor, as the instrument or agency of the State, under section 8560 Burns 1894, is authorized to petition the court and secure a final settlement of a decedent's estate to be set aside so that taxes evaded by decedent may be collected. *pp. 190-193.*

SAME.—*Reopening of Decedent's Estate to Collect Taxes.*—Ignorance of the executrix that her testator had failed to list and return all his property for taxation will not defeat the setting aside of the final settlement report in order to subject the estate to the payment of taxes for which decedent was liable. *p. 194.*

DECEDENTS' ESTATES.—*Filing of Claims.—Taxes.*—The State is not required to file for payment its claim for taxes against a decedent's estate. *pp. 194, 195.*

TAXATION.—*Petition of Auditor on Behalf of State to Set Aside Final Settlement Report of Decedent's Estate.—Sufficiency Of.*—Where a county auditor petitions the court to set aside the final settlement report in a decedent's estate in order that the property of the estate may be subject to the payment of delinquent taxes, the petition need not contain averments that the petitioner did not appear at the final settlement and that he was not personally summoned to attend. *p. 195.*

Graham v. Russell, Aud.

From the Daviess Circuit Court.    *Affirmed.*

*W. Heffernan, E. Mattingly, Arnold J. Padgett* and *J. Alvin Padgett,* for appellant.

*J. H. O'Neall* and *W. F. Hoffmann,* for appellee.

JORDAN, J.—Appellee, as the auditor of Daviess county, filed his petition in the lower court on October 4, 1897, whereby he sought to have the final settlement of the estate of Richard C. Graham, deceased, set aside and said estate reopened for further administration in order that certain taxes due from said estate to the State of Indiana, for state and county purposes, might be collected out of the assets of said estate. The petition was filed after the term of court at which the final settlement was approved and the action is apparently based upon section 2403 R. S. 1881, section 2558 Burns 1894, section 2403 Horner 1897, wherein it is provided that a final settlement may be set aside and reopened at any time within three years for illegality, fraud, or mistake in such settlement or in the proper proceedings thereof by any person interested in the estate who did not appear at such final settlement and was not summoned to attend the same. Appellant unsuccessfully demurred to the petition on the grounds:    (1) That the plaintiff had not the legal capacity to sue; (2) insufficiency of facts; (3) misjoinder of cause of action.

There was an answer in denial, and, upon the trial, the court made a special finding of facts and stated its conclusions of law thereon in favor of appellee, and rendered a judgment setting aside the final settlement made by appellant as the executrix of said estate, and ordered that the estate and the administration thereof be opened and reinstated upon the docket of said court, and that the plaintiff recover his cost.

The errors assigned relate to the overruling of the demurrer to the petition, and to the exceptions to the court's conclusions of law on its special finding of facts.    The petition

discloses that appellee is, and has been for more than two years prior to the commencement of the action, the auditor of Daviess county, Indiana, and it further sets forth his duties under the tax law relative to property subject to taxation which the owner thereof has omitted to return for that purpose. The pleading then proceeds to show, among other things, substantially the following facts: Richard C. Graham was at and prior to his death a citizen and resident taxpayer of the city of Washington, Daviess county, Indiana, and had been for a period of over twenty years. During all of said period he was the owner of a large amount of real and personal property situated in said county, his said personal property consisting of money on hand and on deposit in the banks, and of money loaned by him and of rights, bonds, and credits, etc. The moneys which he had on hand, and also the amounts of money which he had loaned out and the amounts which he had on deposit, were unknown to the several township assessors who called upon him from year to year during the aforesaid period to assess him. Graham, as the petition charges, neglected, failed, and omitted, for the year of 1881 and for each succeeding year thereafter including the year 1895, to list and return for taxation all of his said property, but listed and returned only a small portion thereof, although he was, during each of said years, duly called upon for that purpose between the first day of April and the first day of June, by the proper township assessor of the township in which he resided. It is charged that the fair cash value of the property which said Graham neglected and omitted to list and return for taxation for each of said years was $10,000 and over, and for several of the years in question, it is alleged, he omitted to list and return property to the amount and value of $25,000, all of which omission was unknown to the said assessors, and was by the said Graham concealed from said officials.

The property omitted during each of the years in question is alleged to have consisted of money on hand and on deposit

in bank, and money loaned, and bonds of the said city of Washington, and other obligations, all subject to taxation and held and owned by Graham on the 1st day of April of each of said years.    It is also averred that just prior to the 1st day of April of each of the years mentioned he would temporarily convert $10,000 and over of his money into greenbacks in order to evade assessment and the payment of taxes thereon, and fraudulently concealed said fact of conversion from the assessor who called upon him to list his property, and fraudulently failed to list or return said amount or any part thereof for taxation.

Graham, it is averred, died testate at said county on July 29, 1895, leaving a liability for taxation due against his estate for State and county purposes to the amount of $3,000 on account of his failure to list and return all of his property for taxation as aforesaid charged, for which amount said estate, it is averred, is still indebted.    On August 12, 1895, his last will and testament was duly probated in the Daviess Circuit Court, and appellant, his surviving widow, was duly appointed thereunder and qualified as the executrix of his said will and assumed the administration of his said estate. Under his will, she was given all of his real and personal property of every description held and owned by the testator at the time of his death, and the same was turned over, under the will, to appellant, and is now held by her.

It is further charged that appellant, as said executrix, never filed in said court, nor with the clerk thereof, any inventory whatever of the personal property left by said decedent or testator, and omitted and neglected to file such inventory for the fraudulent purpose of concealing the personal estate of her said husband, and for the fraudulent purpose of preventing the proper tax officials of said county, whose duty it was to assess omitted property, from discharging said duty.

Immediately after the expiration of one year from the time of her appointment by the court as executrix, to wit, on August 27, 1896, she filed her report in said court for final

settlement and the clerk thereof fixed October 5, 1896, for the hearing of the same and gave the usual notice provided by law to the heirs and creditors of the time and place fixed by him for hearing said report. At the time fixed for hearing the report no one offered any objections thereto, and the court approved it and discharged said executrix from the further administration of said estate; and it is further averred that at no time during the pendency of said estate in court was there any paper or statement made or filed by said executrix showing the personal property left by the testator at the time of his death.

Appellee, prior to June 1, 1897, had no knowledge or information that said decedent had omitted to list and return for taxation the property in question, and, it is averred, that the first information he received of that fact was on said 1st day of June, 1897, and that thereupon he immediately proceeded to take the necessary steps to have appellant appear before him to be examined, under oath, touching the amount of money, notes, and bonds held by said testator at his death; but after she was served with the proper notice to appear, she failed and refused to do so or submit to such examination. It is further alleged that no administration of said estate is now pending in any court of this State and that appellant still resides in the said county of Daviess. The prayer is that the matters and things set forth in the petition be inquired into and, if found to be true, that the final settlement of the estate be set aside, etc.

It is insisted by counsel for appellant that appellee, as county auditor, cannot maintain this action for the following reasons: (1) The facts do not disclose that he has such an interest in the estate as would authorize him, in contemplation of the statute upon which the action is founded, to file a petition for the purpose which he has; (2) that the facts alleged are not sufficient to warrant the court in awarding him any relief.

We will consider these in their order. Section 8560 Burns

1894, section 6409 Horner 1897, of the law relative to taxation, being section 142 of the tax statutes of 1891, empowers the county auditor, upon notice to a taxpayer, to add, for any year or number of years, omitted property to the tax duplicate with the proper valuation thereon and to charge such property to the owner thereof with the taxes thereon.    The powers granted to the county auditor under the section mentioned are not limited alone to that official, but the tax law also extends such powers to the county treasurer and the county assessor and boards of review.    The tax law intends and has so declared in no uncertain terms that all property liable to taxation shall be charged with that burden and that none shall escape through the fraud or omission of the owner or holder thereof, and it is made the imperative duty, under the law, of every taxpayer to list and return for taxation all personal property of every description owned and held by him on the 1st day of April of each year legally liable to taxation. The provisions of the law, to which we have referred, granting the powers mentioned to the county auditor and other officials, are intended to afford an instrumentality or agency through which the State, as far as possible, can prevent property subject to taxation from escaping the burdens or charge imposed by the law.    *Saint, Treas.,* v. *Welsh, Ex.,* 141 Ind. 382; *Reynolds, Aud.,* v. *Bowen, Adm.,* 138 Ind. 434.

It was held in the latter case that the power to assess property is a summary one, and that in order to secure uniform and just taxation, which the law intends, and to protect the State's revenue against a dishonest evasion of the law, and also to protect the honest taxpayer, it is necessary that tax laws be liberally interpreted in aid of the taxing power. The right of the county auditor and the other officials who in like manner are empowered and charged with the duty to see that omitted property is subjected to taxation, is a continuing one against each and every taxpayer, and it is not terminated with the death of the latter, but proceedings in discharge of such duty can be maintained against his estate after his death,

and the notice required by the law may be served upon his administrator or executor. *Reynolds* v. *Bowen, supra; Saint* v. *Welsh, supra.*

Neither the taxpayer nor his estate after his death can claim any vested rights in the fruits of his fraud or omission to list and return all of his property liable to taxation, and the law, when properly invoked, will not permit either to profit thereby. Charged and empowered by the State with this duty, appellee, as county auditor, certainly cannot be considered, under the facts, in the eye of the law, as a stranger to the estate in question, and as one having no interest therein. Conceding that the court's order of final settlement, as insisted by counsel for appellant, stood as a bar against appellee taking any proceedings against Graham's estate to secure the taxes in controversy, certainly then he was interested in having such final settlement set aside in order that he might proceed to discharge the duties imposed upon him by the law. Appellee was, at least, interested on behalf of the State, which he, under the law, represented as one of its instrumentalities in seeing that the taxes, which had accrued by reason of the omitted property, should be paid by the estate of the defaulting decedent.

The right which he seeks to maintain by this action, under the circumstances, is but incidental to the general power or right with which he is invested by the legislature in respect to the assessment of taxes on omitted property. The estate in question, it appears, had been finally settled and its assets turned over to appellant, leaving the matter in regard to the taxes now in controversy still virtually pending unsettled as a liability for which the estate should account. That appellee, as the instrument or agency of the State, is authorized by the statute to petition the court and secure the final settlement to be set aside upon a showing of sufficient facts, so far as it affects him adversely, in the discharge of his duties as such, we think there can be no doubt. The case of *Bowen*

v. *Stewart*, 128 Ind. 507, asserts principles which support this holding.

Taxes which are assessed or imposed under the authority of the State for governmental purposes, either for the State direct or for some of its subdivisions, in a legal sense may be said to be the property of the State, and the latter is certainly interested in their collection. Therefore, if the order of final settlement in question is, as claimed by counsel for appellant, a bar to appellee in the discharge of the duties with which he is invested relative to the taxation of omitted property, it must follow that his right to institute and maintain this action, under the circumstances, cannot be successfully denied, and the steps which he has taken in the matter, in his capacity as county auditor, must, in legal contemplation, be deemed to be those of the State, and the action may be viewed as though it had been instituted in the name of the State upon the relation of appellee as county auditor, which is certainly a proper procedure.

The contention of appellant's counsel, that the petition ought to have alleged that the taxes in dispute had been filed as a claim against Graham's estate prior to its final settlement, is without merit. The facts disclose that the decedent had for many years prior to his death failed to list and return for taxation a large amount of his property, and at his death it is charged he was liable for the payment of taxes, on account of his said default, in the sum of $3,000 and over, which had accrued and were due for State, county, and township purposes.

Taxes are not such claims which the law of this State either requires or intends shall be filed for payment against a decedent's estate. It is true that taxes, in the order prescribed by the statute for the payment of liabilities of a decedent's estate, come within the fourth provision of such order of payment. Section 2378 R. S. 1881, section 2534 Burns 1894, section 2378 Horner 1897. The duty, how-

ever, rests upon the administrator or executor to pay the taxes due against the estate without their being filed or presented for payment. Section 8587 Burns 1894, section 6436 Horner 1897; *Ring* v. *Ewing*, 47 Ind. 246; *Henderson* v. *Whitinger*, 56 Ind. 131.

It may be true that appellant, as insisted by her counsel, was, at the time she made her final report, ignorant of the acts of her testator in failing to list and return all his property for taxation, but this fact, under the circumstances, can not avail her to defeat the setting aside of the final report, or prevent the estate, which she represents, from being subjected to the payment of the taxes for which the decedent was justly liable. He, while in life, owed as one of the highest duties to the government, the duty to pay all taxes imposed upon his property liable to taxation. As a compensation for the discharge of this duty, the State afforded him protection to his life, liberty, and the due enjoyment of the property with which he had been blessed; and the discharge of this duty, if the decedent is shown to have omitted it, must rest upon his estate. With or without knowledge of the existence of this liability of her decedent, it existed all the same against the property of his estate until paid, unless barred by some provision of law. *Beard* v. *Allen*, 141 Ind. 243.

With this charge or liability against the estate, she, immediately after the expiration of the year allowed by law, procured it to be declared by the court as finally settled, and secured her discharge from further administration of her trust.

It has been held by this court that, under the present statutes relating to the settlement of a decedent's estate, the fact that a claim was pending against an estate undisposed of at the time of the final settlement, consitutes such illegality as will, on the petition of the claimant, filed within the prescribed time, result in setting aside such final settlement. *Dillman* v. *Barber*, 114 Ind. 403.

A tax claim or charge, as we have seen, is not required to

be filed against an estate, but it must be taken notice of by an administrator or executor and paid without being filed, and if he proceeds to finally settle the estate without the payment of such tax claim, settled or determined by proper adjudication in court, he does so at the peril of having such final settlement set aside, under the statute in question, at the instance of some one entitled to institute an action for that purpose. We do not place much stress upon the question of fraud imputed to appellant by the averments in the petition, for the reason, we think that the fact alone that she is shown to have filed a petition for final settlement and secured its approval by the court when the claim or liability now in dispute existed and was virtually pending against the estate undisposed of, must be considered such illegality, within the meaning of section 2558 Burns 1894, section 2403 Horner 1897, as will result in setting aside the final settlement and re-opening the estate for the purpose contemplated by the appellee.

It is further insisted that the petition is insufficient for the reason that it is not averred therein that appellee did not appear at the final settlement, nor was he personally summoned to attend the same. It is true that this court has held that in order to make a petition sufficient, under the statute, to set aside a final report after the term of court at which the same was approved, in a case where an ordinary individual or person is the petitioner, it must be shown by the averments of the pleading that the petitioner was not personally served with the process of the court to attend the hearing of the final report, and if not so served, that he did not attend the hearing thereof as a party thereto. *Dillman* v. *Barber*, 114 Ind. 403; *Williams* v. *Williams*, 125 Ind. 156. But where, as in this case, the State, through the county auditor, may be said to be the petitioner, the rule asserted by this court under the provisions of section 2558, 2403, *supra*, is not applicable. The reasons for this assertion are obvious. The county auditor is a public officer invested, under the law, with cer-

tain duties and powers, among which, as we have seen, are those in regard to the taxation of omitted property. In no sense can it be said that he, as such official, is the owner of the taxes arising out of assessment upon property which, in the discharge of his duties, he secures to be placed upon the tax duplicate, for such taxes, as we have heretofore said, are considered in law as belonging to the State, and the auditor is invested with no power or rights in any manner to cancel or release the claim of the State for such taxes. The State, as the sovereign power is the real party in interest, and not the county auditor. The latter has no authority, under existing laws, to attend a final settlement of a decedent's estate on behalf of the State, nor can he be legally summoned by the administrator or executor to attend the hearing upon a final settlement, and his presence at such hearing could in no manner bind the State. It is equally clear that an administrator or executor cannot, under the law as it now exists, invoke the process of the court as against the State and thereby compel it to attend a proceeding for a final settlement of the estate which he represents, and therein litigate a question that may arise upon such settlement relative to an unpaid claim for taxes. *Snodgrass* v. *Morris, Aud.*, 123 Ind. 425.

It is a well settled rule and one of universal application that the State, in its sovereign capacity, can be sued only by its own permission, and then only in the manner, by which it has consented to be sued. The State of Indiana has not, under any statute, consented that an administrator or executor of an estate may bring it into court and thereby force it to become a litigant at the hearing of a final report in respect to a claim for taxes against such estate. It is evident, under the circumstances, we think, that inasmuch as the county auditor was not authorized to appear at the final settlement made by appellant, and thereby bind the State, and as the latter, in the absence of a statute granting such authority, could not be summoned to attend the hearing of the final

report made by appellant, therefore the averments in the petition in respect to these matters are not essential, and their absence does not render the pleading insufficient as in other cases. Such averments, under the circumstances, could serve no essential purpose, for the evident reason that the matters or facts pertaining to such questions would not be open to inquiry or investigation upon the hearing of a petition presented on behalf of the State to set aside, as in this case, an order approving a final report.

It follows from what we have said that the petition is sufficient, and the court therefore did not err in overruling the demurrer thereto. The facts set out in the special finding are substantially the same as those alleged in the petition, and the court's conclusions of law thereon are correct, and the judgment below is therefore affirmed.