## CULLOP, ADMINISTRATOR, *v.* CITY OF VINCENNES.

[No. 4,730.   Filed October 28, 1904.   Rehearing denied January 6, 1905.
Transfer denied March 7, 1905.]

1. TAXATION.—*Executors and Administrators.—Listing Property of Decedent.*—It was the duty of an administrator to list for taxation the property of his decedent's estate which was in his possession on the first day of April.   p. 669.
2. DECEDENTS' ESTATES.—*Claims.—Taxes.*—It is not necessary for the treasurer to file a claim for taxes against a decedent's estate since they must be paid without the filing of a claim, and if not paid, the final settlement of the estate will be set aside.   p. 669.
3. SAME.—*Taxes.—Failure to Pay.*—Where the personal representative of an estate fails to pay the taxes when due, and there is money on hand with which to pay same, the county or city treasurer may file a statement showing the fact and amount of delinquency, and a rule against such representative•to show cause shall issue, returnable in five days.   p. 669.
4. SAME.—*Taxes Not Due.*—Where an assessment is made on the property of an estate, but the taxes are not due, the court, upon notice, should order enough money to be withheld to pay such taxes when due.   p. 670.
5. SAME.—*Final Settlement.—Illegality.*—A final settlement of a decedent's estate made without payment or provision for the payment of the taxes due or to become due thereon, is illegal and may be set aside.   p. 670.
6. SAME.—*Taxes.—Discharge.*—Nothing short of payment will discharge taxes due from a decedent's estate.   p. 670.
7. EXECUTORS AND ADMINISTRATORS.—*De Bonis Non.—Powers.*—An administrator *de bonis non* has the same powers as the original administrator.   p. 670.
8. PLEADING.—*Decedents' Estates.—Claim for Taxes.—Procedure.*—Where the treasurer files his verified claim for the taxes due from a decedent's estate, it is the duty of the court to issue a rule against the representative thereof to show cause why such tax should not be paid, and if such procedure is not followed and a correct result reached, the error in the mode of procedure is rendered harmless.   p. 670.

From Knox Circuit Court; *O. H. Cobb,* Judge.

Action by the City of Vincennes against William A. Cullop as administrator *de bonis non* of the estate of Charles Graeter, deceased.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

· *William A. Cullop* and *George W. Shaw,* for appellant.
*W. W. Moffett* and *J. W. Emison,* for appellee.

ROBY, P. J.—On April 1, 1898, the administrators of the estate of Charles Graeter, deceased, had in their hands $28,000 of the moneys of said estate, and refused to return the same for taxation, saying that a settlement was soon to be made. The assessor thereupon assessed said money to said administrators for taxation in accordance with the provisions of the statute. §8461 Burns 1901, Acts 1891, p. 199, §51.

On May 16, 1898, said administrators filed a final settlement report. Notice was given and the same was set for hearing on June .16. Prior to that day the treasurer of Knox county and the treasurer of the city of Vincennes each filed petitions asking the court to require the administrators to pay the taxes assessed on said property for the year 1898. Said administrators demurred to each of said petitions; the court sustained the demurrers; and, declining to plead further, a judgment was rendered that the petitioners take nothing. Thereupon said report showing distribution was approved, and the estate declared finally settled. On June 4, 1900, appellant was appointed administrator *de bonis non* of said estate, and on September 9, 1901, filed his final report, showing that he had collected $479.33, and had on hands for distribution $362.98, which report was set for hearing on September 30. On October 5 following, appellee filed an instrument in form (omitting the caption and verification) as follows: "Estate of Charles Graeter, deceased, William A. Cullop, administrator *de bonis non.* To the City of Vincennes, Indiana, Dr.: To taxes on personal property for year 1898, $409.24."

This instrument was filed in the clerk's office of the Knox Circuit Court, and was signed and sworn to by the treasurer of the city of Vincennes. Appellant refused to allow the claim. It was placed on the trial docket. He filed an

answer in two paragraphs, the first of which was a general denial, and the second, a plea of former adjudication. Appellant replied in two paragraphs, the first of which was a general denial; it being averred in the second that when the prior judgment set up in the answer was rendered, the tax was not due, and that it has since become due and is unpaid. The cause was tried by the court, evidence introduced, finding and judgment against appellant for $409.25, from which judgment this appeal is taken.

1. It was the duty of the administrators to list for taxation property in their possession on the 1st day of April. §§8420, 8421, subdiv. 10, 8460 Burns 1901, Acts 1891, p. 199, §§10, 11, 50, §8459 Burns 1901, Acts 1895, p. 21, §2.

2. A claim or charge for tax is not required to be filed against an estate, but it must be taken notice of by the administrator or executor and paid without being filed, and if he proceeds to settle the estate finally without the payment of such tax claim, he does so at the peril of having such final settlement set aside. Taxes are not claims which the law of this State either requires or intends shall be filed against the decedent's estate. The duty rests upon the administrator or executor to pay the tax. *Graham* v. *Russell* (1899), 152 Ind.·186.

3. The administrator is a creature of the law. He reports to and is under the supervision of the circuit court. It is his duty to pay the taxes due upon the property of his decedent. In case of his neglecting to pay any instalment of taxes when due, when there is money enough on hand to pay the same, the county treasurer "shall present to the circuit or other proper court of the county * * * a brief statement in writing, signed by him as such treasurer, setting forth the fact and amount of such delinquency, and such court shall at once issue an order directed to such delinquent, commanding him to show cause within five days thereafter why such taxes and penalty and costs should not be paid." §8587 Burns 1901, Acts 1897, p. 226. Such

statement may be made by the city treasurer, who is required to perform the duties devolved upon the corresponding county officer. §8672 Burns 1901, Acts 1891, p. 199, §254; §3621 Burns 1901, §3160 R. S. 1881.

4.   While the tax upon property assessed in April, 1898, was not due in the following June, yet the court, having had its attention called to the fact that such assessment had been made, should have directed the administrators to retain sufficient funds to meet the obligation upon its maturity.

5.   A final settlement made without payment, or provision for the payment, of the tax is illegal within the meaning of §2558 Burns 1901, §2403 R. S. 1881, and it may be set aside for the purpose of compelling its payment.   *Graham* v. *Russell, supra.*

6.   The failure of the court to protect the public interest in connection with such final settlement does not estop the State from thereafter collecting the tax.   The manner in which to procure the discharge of a tax lien was forcefully stated in the opinion delivered by Judge Jordan in the carefully considered case of *Beard* v. *Allen* (1891), 141 Ind. 243: "Nothing short of the payment of taxes, interest and penalties can serve to discharge or release the property of the owner charged therewith from the liability imposed by the statute."   *Graham* v. *Russell, supra.*

7.   The administrator *de bonis non* has the same powers possessed by the original administrator, and is governed by the laws for the settlement of decedents' estates.   §2395 Burns 1901, Acts 1891, p. 107; *Barnett* v. *Vanmeter* (1893), 7 Ind. App. 45; *Wahl* v. *Schierling* (1895), 11 Ind. App. 696.

8.   Upon the filing of the verified statement by the treasurer, a rule to show cause should have issued against appellant.   In answer to such rule, it devolved upon him to establish the illegality of the alleged tax, or such other facts as might be relied upon to justify its nonpayment.   The "taxes assessed upon any property in this State shall be

presumed to be legally assessed until the contrary is affirmatively shown." §8642 Burns 1901, Acts 1891, p. 199, §224; *Brunson* v. *Starbuck* (1904), 32 Ind. App. 457. This is the procedure contemplated by §8587, *supra.* The expressions indicating a different practice contained in the opinion in *Lang* v. *Clapp* (1885), 103 Ind. 17, are not germane to the facts presented in that case. The decision was not rested upon them, and they do not correctly express the law as applicable to the section as amended in 1897. In the opinion it is stated that the statute requires the county treasurer to set forth the facts in his written statement. In the section as it now stands he is required to set forth "the fact and amount of said delinquency." Those who take property, real or personal, upon the death of its owner, take by virtue of the law and through the favor of the State. That they should in return refuse to pay, or pay grudgingly, a tax essential to the maintenance of government and the enforcement of law is an ideal illustration of ingratitude and cupidity. The practice followed in this case was incorrect, but the right result was reached, and the error in the mode of procedure was therefore harmless. *Gray* v. *Robinson* (1883), 90 Ind. 527-532; *Logan* v. *Kiser* (1865), 25 Ind. 393.

The cases cited in argument by the appellant's learned counsel are not in point. Many of them were decided prior to the adoption of the statutes relative to taxation now in force, others relate to the special assessment of omitted property, and in none of them was the duty of an administrator to pay taxes assessed upon funds in his hands as such administrator involved or considered.

Judgment affirmed.

Black, C. J., Robinson and Comstock, JJ., concur. Wiley, J., dissents. Myers, J., not participating.

## DISSENTING OPINION.

WILEY, J.—I am unable to agree with the conclusion reached by the majority of the court in the prevailing opinion. The point of difference between us is as to the sufficiency of the complaint. It is my judgment that the cause of action stated in the claim filed by appellee against the decedent's estate is not sufficient upon which to base a recovery. The conclusion reached by my associates is in conflict with the decisions of our Supreme Court, if I rightly interpret the questions therein decided. So far as I am advised, there is no statute authorizing a city treasurer to prosecute a claim in the circuit court against an estate to enforce collection of delinquent and unpaid taxes against such estate; but conceding, without admitting, that he possessed such authority, my first inquiry is to determine whether appellee has stated any cause of action in the claim filed, which must be treated as his complaint.

It is earnestly contended that the statement of the claim is insufficient to warrant a recovery; that it is not merely technically defective, but radically and fatally so, by reason of the theory upon which it is based, and the omission of necessary facts, essential to the existence of a cause of action. A proceeding to enforce the collection of taxes is essentially different from that to enforce a debt upon contract. It is the settled law of this State that "a tax is not an ordinary debt. It is not founded upon contract, express or implied." *Gallup* v. *Schmidt* (1900), 154 Ind. 196, 215; *DePauw* v. *City of New Albany* (1864), 22 Ind. 204; *Richards* v. *Stogsdell* (1863), 21 Ind. 74. In *Shaw* v. *Peckett* (1854), 26 Vt. 482, it is held that the assessment of taxes does not create a debt that can be enforced by suit. Preliminary to the collection and payment of taxes there must be a valid assessment upon the property that is assessable. It seems to me, therefore, that before any department or branch of the civil government can proceed to require a citizen to pay

taxes, it must first show a lawful assessment.    The rule prevails in this jurisdiction that a statement of a claim against an estate must state affirmative facts which show *prima facie* that the estate is lawfully indebted to the claimant.    While counsel for appellee do not concede that it is necessary for the claim in this case to show affirmatively that a lawful assessment was, in the first instance, made, they do beg the question to some extent, by saying that an examination of the evidence will show that it was in fact made.    But we can not look to the evidence to determine the sufficiency of a pleading, and the claim filed here must be regarded as appellee's pleading.

. We are not advised by the claim whether the property of the estate was assessed in the regular way, or whether it was assessed at all, or whether this is a proceeding to collect taxes upon the assessment of property omitted from taxation, and which would constitute a special and an exceptional assessment.    *Vogel* v. *Vogler* (1881), 78 Ind. 353. In the case last cited, Vogler, as treasurer of Bartholomew county, brought an action against Vogel, as guardian, and his wards, to recover for unpaid taxes.    The complaint averred that on a specified day $5,000 came into the guardian's hands, which belonged to his wards; that said guardian and wards resided in said county, and that said money was liable to taxation for the years 1872 to 1878, inclusive; that neither the guardian nor the wards gave in said property for taxation during said time, and that no taxes were assessed or paid thereon; that, it appearing to the proper officers that said property had not been assessed for taxation during said time, the "proper authorities" did, in January, 1879, assess the same for all of said years; that the same was duly placed on the tax duplicate of said county for collection, and the same was duly placed in the hands of the treasurer for collection.    A schedule of the taxes alleged to have been assessed against said money for each of the

said years is embodied in the complaint. It is then averred that the several amounts assessed were due and unpaid, that said wards had no personal property that could be seized to satisfy the same, and that the guardian had failed and refused to pay the amount assessed, after demand upon him so to do. It was further averred that appellee, as treasurer, had a lien on the funds in the hands of the guardian for the payment of the same, and asked that the guardian be required to pay said taxes out of any money in his hands. In that case it will observed that a succinct statement is made of the manner in which the taxes were assessed; that the guardian and his wards were residents of the county, and that the money was taxable therein; that the taxes were assessed thereon by "the proper authorities;" that a demand had been made for payment, which was refused; and that there was no personal property subject to seizure to satisfy the same. With all these averments, the Supreme Court held that the complaint did not state any cause of action.

Under §8587 Burns 1901, Acts 1897, p. 226, where an administrator or other fiduciary fails to pay any instalment of taxes when due, it is made the duty of the county treasurer to present to the proper court a brief statement in writing, setting forth the fact and amount of such delinquency, upon which the court shall issue an order, directed to such delinquent, commanding him to show cause why such taxes should not be paid. In a proceeding under that statute, sufficient facts must be stated to show a valid and legal assessment, and the sufficiency of the statement can be tested by demurrer or by an assignment of error. *Lang* v. *Clapp* (1885), 103 Ind. 17. In the case at bar there is only the naked statement that the estate is indebted to the city of Vincennes for "taxes on personal property for the year 1898." Under the authorities, no cause of action is stated.

The judgment should be reversed.