DEPARTMENT OF TREASURY *v.* ESTATE OF DIETZEN.

[No. 27,222. Filed June 2, 1939.]

*Omer S. Jackson,* Attorney General, *Joseph McNamara,* Deputy Attorney General, for appellant.

*Van Osdol & Campbell,* for appellee.

TREMAIN, J.—The Department of Treasury of the State of Indiana instituted this action by filing a verified proof of preferred claim against the estate of Albert Dietzen, deceased, to collect from said estate a sum alleged to be due to the State of Indiana under the provisions of the Gross Income Tax Act of 1933 (Chapter 50, Acts 1933). The claim was disallowed by the administrator, and was transferred to the trial calendar where a trial was had before the court upon a stipulation of the evidence.

The stipulation discloses that Albert Dietzen died intestate in Madison County, Indiana, on the 23rd day of May, 1935. An administrator was duly appointed. At the time of his death the decedent was the owner of a large amount of personal property consisting, in part, of shares of stock in divers corporations; that in the course of administration it became necessary to make sales of said stock in order to administer the estate; that sales were made by the administrator in the aggregate sum of $68,277.81. All sales were made by the administrator of the estate of Albert Dietzen and not otherwise, and the proceeds received therefrom went into and became a part of the estate of said decedent to be distributed to his heirs. He was survived by a widow and three children.

Upon these facts judgment was rendered in favor of the estate, and that the appellant take nothing. Motion for a new trial, upon the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law, was overruled with exceptions to appellant. This ruling presents a question of law to be decided. The appellee claims that the receipts of the sales of the personal property by the administrator of said decedent are not subject to tax under the Gross Income Tax Act of 1933.

Section 1 of chapter 50 of the Gross Income Tax Act

of 1933, §64-2601 Burns' Ind. St. 1933, §15981 Baldwin's Ind. St. 1934, defines certain terms therein used. Subclause (a) reads as follows:

> "When used in this act, the term 'person' or the term 'company,' herein used interchangeably, includes any individual, firm, copartnership, joint venture, association, corporation, municipal corporation, estate, trust, or any other group or combination acting as a unit, and the plural as well as the singular number, unless the intention to give a more limited meaning is disclosed by the context."

The appellee points out that the terms "executor," "administrator," "commissioner," and other fiduciaries are not included in the definition of "person" as defined by the act; that an administrator is an officer of the court and acts pursuant to the court's orders; that he acts only in a representative capacity, and, since the Legislature failed to include the term "administrator" in a definition of "person," he cannot be charged with Gross Income Tax upon sales made by him under order of the court; that the term "estate" used in said section is not synonymous or interchangeable with "executor," "administrator," or "trustee." Appellee finally asserts that section 1 of the act of 1933 is amended by section 1, chapter 117, Acts 1937, §64-2601 Burns' Ind. St. 1933, §15981 Baldwin's May Supp. 1937, which includes in the definition of the term "person" the words "executor," "administrator," and other terms. From this it is argued that "the legislature has not authorized the levy of the special gross income tax on funds received by administrators or executors from sale of property belonging to the estate for which he is acting," for the reason that administrators of estates are not mentioned in section 1 (a), *supra*, and that the word "estate" is not intended to be interchangeable with the word "administrator."

Section 1 (a) specifically defines the term "person"

to include "estate." Section 2 of that act provides for the levy of the tax upon the entire gross income of all residents of the State of Indiana, and provides:

"Said tax shall apply to, and shall be levied and collected upon, all gross incomes received on or after the first day of May, 1933, with such exceptions and limitations as may be hereinafter provided."

Sections 5 and 6 provide for deductions and exemptions, but no provision is made exempting sales of property by the administrator of a decedent. The court must give to the terms "person" and "estate" their ordinary and accepted meaning unless there is a clear intention to convey a different meaning. *Midwestern Petroleum Corporation* v. *State Board of Tax Commissioners* (1934), 206 Ind. 688, 705, 187 N. E. 882, 191 N. E. 153; *Miles* v. *Department of Treasury* (1935), 209 Ind. 172, 199 N. E. 372. The dictionary meaning of the term "estate" is not different from that in ordinary use:

"Estate . . . 5. The property or a piece or aggregation of property in lands or tenements or both that a person possesses, often including, inexactly, property in personalty; fortune; possessions; also, the aggregate of property of all kinds which a person leaves to be divided at his death." Webster's New International Dictionary (Merriam, 1935).

*Miles* v. *Department of Treasury, supra,* holds that the Gross Income Tax Law of 1933 creates an excise tax levied upon all persons domiciled within the State of Indiana, and further that, page 176:

"The power to tax is inherent in and essential to the existence of the state, and may be exercised without limit upon property, occupations, and activities carried on within the state unless prohibited by State or Federal Constitutions."

The use of the term "person" in the statute is broad and generic, and embraces the more limited term "estate" found in Section 1 (a) of the act. An administrator is a person to whom the settlement of the estate of a decedent is committed. The Century Dictionary defines "estate" as follows:

"Estate: ... the property of a deceased viewed in the aggregate as a legal person."

It clearly appears that if the act of 1933 had used only the term "person" without proceeding to include "individuals," etc., it nevertheless would have been sufficient to include the estates of all decedents.

In construing tax statutes a liberal rule of interpretation must be indulged in order to aid the taxing power of the state. In *Graham* v. *Russell, Auditor* (1899), 152 Ind. 186, 191, 52 N. E. 806, the rule is stated as follows, pages 191 to 195:

"It was held in the latter case that the power to assess property is a summary one, and that in order to secure uniform and just taxation, which the law intends, and to protect the State's revenue against a dishonest evasion of the law, and also to protect the honest taxpayer, it is necessary that tax laws be liberally interpreted in aid of the taxing power. ...

"Taxes which are assessed or imposed under the authority of the State for governmental purposes, either for the State direct or for some of its subdivisions, in a legal sense may be said to be the property of the State, and the latter is certainly interested in their collection. ...

"Taxes are not such claims which the law of this State either requires or intends shall be filed for payment against a decedent's estate. It is true that taxes, in the order prescribed by the statute for the payment of liabilities of a decedent's estate, come within the fourth provision of such order of payment. ... The duty, however, rests upon the administrator or executor to pay the taxes due against the estate without their being filed or presented for payment. ...

"A tax claim or charge, as we have seen, is not required to be filed against an estate, but it must be taken notice of by an administrator or executor and paid without being filed, and if he proceeds to finally settle the estate without the payment of such tax claim, settled or determined by proper adjudication in court, he does so at the peril of having such final settlement set aside."

Section 24 of the 1933 act (§64-2624 Burns' Ind. St. 1933, §16004 Baldwin's Ind. St. 1934), makes it the duty of the Department of Treasury to collect the Gross Income Tax. Certain provisions are made for its collection. Section 13 (b) (§64-2613 Burns' Ind. St. 1933, §15993 Baldwin's Ind. St. 1934) provides:

"A tax due and unpaid under this act shall constitute a debt due the state, and may be collected by action at law, or other appropriate judicial proceedings, which remedy shall be in addition to all other existing remedies."

The appellant availed itself of the foregoing provision and filed the claim against the decedent's estate, an act clearly authorized by law. Since section 2 of the act provides, without any exceptions, that all gross income received after May 1, 1933, shall be subject to the payment of the tax, no legal reason is assigned to indicate that the administrator should not pay the Gross Income Tax due to the State of Indiana from the proceeds in his hands derived from sales made by him.

The appellee's argument, to the effect that the 1937 act changed the law, is not persuasive. By reading together section 1 (a) of each of the acts, a doubt arises as to whether or not the 1937 act has not limited, rather than broadened, the definition of the words "estate" and "person." Estates of deceased persons are frequently settled by the heirs without the appointment of administrators. A question

might arise under the 1937 act concerning the application of the Gross Income Tax to sales made under such circumstances. However, it is the opinion of the court that the purpose of the Gross Income Tax was to reach the income of all inhabitants of the state; that section 1 (a) of the act of 1933 used the terms "person" and "estate" in their broad and ordinarily accepted use and meaning; that the estates of deceased persons in the process of administration are liable for the Gross Income Tax upon sales made by the personal representatives of the estate.

Having reached this conclusion it necessarily follows that the trial court erred in rendering judgment in favor of appellee. Since all the evidence is stipulated, there is no necessity of directing a new trial. It is therefore ordered that the trial court vacate its judgment and render judgment against the estate and in favor of the appellant, for the amount stipulated, $669.90, together with interest to date.

Judgment reversed.