No. 16,419.

RAY, AS ADMINISTRATRIX OF THE ESTATE OF LYMAN v. STATE OF COLORADO.

(226 P. [2d] 804)

Decided December 18, 1950. Rehearing denied January 29, 1951.

Messrs. GRANT, SHAFROTH & TOLL, Mr. FRANK H. SHAF-ROTH, for plaintiff in error.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. VINCENT CHRISTIANO, Assistant, Mr. SIDNEY A. JOHNSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

THE State of Colorado, through its Director of Revenue, filed a claim for income taxes for the years 1941 and 1942, against the Estate of Guy C. Lyman, deceased, which claim was allowed by the county court of Jefferson county, and also by the district court, as a preferred claim. The judgment of the latter court is here for review on writ of error.

The case was tried upon the following agreed statement of facts: "1. That the decedent, Guy C. Lyman, died on January 6, 1943, a resident of Jefferson county, Colorado. 2. That Lyda Ray was appointed administratrix of the Estate on July 12, 1943 in the County Court of Jefferson County, Colorado and that notice to creditors was immediately published. 3. That the six months period within which creditors must file their claims pursuant to Chapter 176 Section 207 Colorado Statutes Annotated 1935 as amended expired January 12, 1944. 4. That on August 16, 1944, income tax returns for the years 1941 and 1942 were completed and sent to the Department of Revenue of the State of Colorado by Lyda

Ray, administratrix, without any remittance for the amount of tax shown to be due on said returns, and on August 17, 1944, the State of Colorado filed a claim in the amount of $531.32 against the Estate of Guy C. Lyman for income taxes owed by the deceased for the years 1941 and 1942; that a copy of said claim is hereto attached, and that the administratrix admits that said sum was the amount owed by the decedent for income taxes for the years 1941 and 1942 as shown by said returns. 5. That at the time of decedent's death he was insolvent and the insolvency of the Estate of Guy C. Lyman was entered of record on May 11, 1945. 6. That on the 10th day of June, 1949 this claim of the State of Colorado was heard in the County Court of Jefferson County at Golden, Colorado before Judge Stoner and the Court ordered that said Claim be allowed as a preferred claim. The said order is hereto attached. 7. That the administratrix, Lyda Ray, appealed this decision of the County Court to the District Court in and for the County of Jefferson and that this appeal was heard on the fifth day of December, 1949 by Judge Regennitter. That Judge Regennitter allowed said claim as a preferred claim, finding among other things that the State of Colorado was not barred by Chapter 176 Section 207 Colorado Statutes Annotated 1935. A copy of the District Court's opinion and order is attached hereto."

The original income tax law was adopted in 1937, being chapter 175 of the Session Laws of that year. The law has been amended in certain particulars at each session of the legislature thereafter. For convenience we will herein refer to particular sections of the law and amendments as they appear in chapter 84 (A), Cum. Supp., '35 C.S.A. Section 2 provides for levying of a tax upon the net income of individuals residing in this state and others in conformity with the schedule therein set forth. Section 4 makes the provisions of section 2 applicable to the income of estates of deceased persons. Section 27 requires all returns be filed in the office of

the state treasurer on or before the 15th day of April for the preceding year. Section 31 provides that all taxes imposed by the act shall be paid by April 15 of the year following that for which the tax was levied. And section 32 makes it the duty of the director of revenue, as soon as practicable after the filing of the tax returns, to examine same and determine the correct amount thereof.

We are asked to determine whether or not sections 195 and 207, chapter 176, C.S.A. 1935, as amended by chapter 235, S.L. '41, relating to the filing and classifications of claims in estates, apply to, and are binding upon, the state. The above sections provide in substance, in so far as here material, that all claims against estates be divided into five classes, and that those claims not filed within six months from and after the issuance of letters of administration shall be forever barred. Claims for taxes due the state are not therein classified. Under paragraph "Fifth" of section 195, supra, the right of administrators and executors to pay such taxes without the filing of claims in the estates, is recognized.

The director of revenue, not the courts, is vested under the statute, in the first instance, with full authority under section 32, supra, to determine the tax liability of the estate, subject to the right of appeal to the district court, and the further right of review by this court pursuant to the provisions of section 33, supra. It should also be observed that two methods are prescribed in the law for satisfying and discharging tax claims. Paragraph "Fifth" of section 195, supra, as amended by S.L. '41, p. 909, provides, inter alia, "that wherever it may be necessary so to do, in order to preserve the estate, real or personal, for the benefit of the heirs, legatees, devisees and creditors, the executor or administrator may pay any taxes due thereon to the state or to any city, county or town without the filing of a claim, and shall be allowed such payments in his accounts."

The second method is found in section 44, chapter 84 (A), supra, which provides, for the purpose of facilitat-

ing the settlement and distribution of estates, that the administrator or executor may negotiate a closing agreement with the director of revenue with respect to the amount of income taxes due; that payment of such amount so agreed upon shall discharge the administrator or executor from all further liability on account of such taxes; and that in the event the administrator shall distribute the assets of the estate without first requesting such closing agreement, he shall become personally liable for said tax.

■ An examination of the income tax law as a whole, and the above provisions in particular, convinces us that it was not the intention of the legislature that state claims for income taxes should be considered as ordinary claims classified in amended section 195, chapter 176, supra, requiring their presentation for payment in estates. We conclude that said amended sections 195 and 207 are not applicable to or binding upon the state, and that the state is not barred by any statute of limitation or of non-claim from collecting the tax. Our conclusion that presentation of claims for taxes against estates is not required, is supported by the weight of authorities from other jurisdictions. 21 Am. Jur. 580, §351; *Graham v. Russell*, 152 Ind. 186, 52 N.E. 806; *Cullop v. City of Vincennes*, 34 Ind. App. 667, 72 N.E. 166; *Bogue v. Laughlin*, 149 Wis. 271, 136 N.W. 606; *Re Estate of Adams, deceased*, 224 Wis. 237, 272 N.W. 19, 109 A.L.R. 1364.

Notwithstanding the fact that the procedure for determining the liability of a taxpayer for income taxes is fully set forth in the statutes as above indicated, the director of revenue presented the claim of the state in the estate involved, whereupon the taxpayer immediately joined issue in manner and form already stated and with the result, also as stated. The administratrix thereupon took an appeal to the district court, took part in a trial de novo in the latter court, and prosecuted writ of error herein. At no time in the trial courts did

either party challenge the authority of either tribunal to proceed to the adjudication of the claim, nor do either of them assign error here or otherwise question the jurisdiction of the courts to consider and determine the controversy.

Under the circumstances, in the furtherance of justice, and to avoid further delay in the collection of public revenue, we have determined to treat the proceeding in the district court as if brought there on appeal in conformity with the statutory method contained in section 33, supra, rather than as an appeal from the county court under our rules of civil procedure.

We, therefore, conclude that the judgment of the trial court should be, and accordingly it is, affirmed.

MR. JUSTICE JACKSON not participating.