## No. 16,441.

LIEBHARDT, ADMINISTRATRIX *v.* DEPARTMENT
OF REVENUE OF COLORADO.
(229 P. [2d] 655)

Decided March 19, 1951.

Mr. CARL J. SIGFRID, Mr. HUBERT D. HENRY, for plain-
tiff in error.

Mr. John W. Metzger, Attorney General, Mr. Allen Moore, Deputy, Mr. Vincent Christiano, Assistant, Mr. Sidney A. Johnson, Assistant, Mr. Duke W. Dunbar, Attorney General, Mr. Charles M. Soller, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

In accordance with the provisions of the income tax act and specifically, of section 34, chapter 175, S.L. '37, the director of revenue on May 11, 1949, served upon Fred C. Liebhardt, then the administrator of the estate of Minnie K. Liebhardt, deceased, two "notices of deficiency" disclosing deficiencies in the income taxes of the deceased for the years 1945 and 1946, respectively, in the sums therein stated. Attached to said notices were statements of the director explaining in detail how the tax was computed and determined.

The only objection made to such claims of tax deficiencies were contained in a letter dated June 13, 1949, written by the administrator to the director stating: "I have been advised by the attorneys for the estate that these claims cannot be paid, because they are not made in conformity with the laws of the State of Colorado, under which I am administering the estate."

Thereafter on June 15, 1949, the director caused to be served upon the administrator "Notice of Final Determination and Assessment and Demand for Payment," wherein the director specifically called the taxpayer's attention to the administrative statutory remedies open to him, and also the penalties which may be imposed by law for failure to make payment within the time specified by the act.

Section 25 of the act provides that the tax determined, as above, by the director, becomes due and payable twenty days after the mailing of such notices of final

determination, and that the taxpayer may within thirty days request a hearing or an opportunity to present any additional evidence relating to his tax liability. Section 26 of the act provides for an appeal to the district court within thirty days from the date of mailing of said notice upon the posting of "a bond for costs in the sum of $100 and for double the amount of the tax assessed."

The taxpayer in the present case declined to avail himself of his statutory administrative remedies, in that he failed to request a hearing before the director, offer additional evidence concerning his tax liability, post the statutory bond, or appeal to the district court from the determination of the director. Under the statute, the director's decision became final thirty days after notice thereof was mailed to the taxpayer, and it thereupon became no longer subject to judicial review. Section 26, chapter 175, supra; *Shotkin v. Perkins,* 118 Colo. 584, 199 P. (2d) 295.

Thereafter, on August 30, 1949, in an effort to collect the tax so finally and conclusively fixed and determined by the director, and in pursuance of section 34 of the act, as amended, the director issued a warrant for distraint directed to an agent of the department of revenue, commanding him to levy upon by distraint and sell so much of the taxpayer's property as might be necessary to satisfy, from the proceeds of such sale, the taxes imposed, together with statutory interest and penalties, and to "secure judgment and make such filings as may be required by law."

Specifically, paragraph (c), section 34, of the act, as amended by chapter 114, S.L. '43, provides, inter alia, the following method of collecting income taxes:

"(c) The agent of the Director to whom a warrant has been issued may file with the clerk of any District Court within this State a copy of said warrant, and thereupon the Clerk shall enter in the judgment docket in appropriate columns the name of the taxpayer mentioned in the warrant, the amount of the tax, or portion

thereof, together with interest and penalties for which the warrant is issued, and the date upon which such copy is filed and shall issue and deliver a transcript of such judgment to the agent without cost. Said transcript so issued and delivered may be filed with the Clerk and Recorder of any county, and from the time of such filing such judgment shall become a lien upon all the real property of the judgment debtor in such county owned by him at the time, or which he may afterwards acquire until said lien expires. The lien shall continue for six years from the entry of the judgment unless the judgment shall previously be satisfied, all in the same manner as is now or may hereafter be provided by statute for making judgment of a court of record liens on real property. The judgment so entered shall have the same force and effect as other judgments of a court of record and execution upon the real and personal property of the judgment debtor and redemption thereof may be had as now or hereafter provided by law with respect to other judgments. The Director and his agent may cause execution to be had thereon by the proper sheriff or other officer, and such sheriff or other officer shall be entitled to the same fees for his services to be collected in the same manner as in the case of other executions."

In accordance with the above paragraph of section 34, the agent to whom the warrant of distraint was directed, filed in the trial court "Petition for Judgment on Distraint Warrant of Director of Revenue of the State of Colorado." Pursuant to the prayer of said petition, and in compliance with statutory requirements, the warrant for distraint was thereupon duly recorded August 30, 1949, by the clerk of the trial court as a judgment upon the docket of said court.

Thereafter October 3, 1949, the administrator filed a motion in the trial court based upon numerous highly technical grounds, to set aside said judgment. The mo-

tion was denied, and we are called upon to review the judgment which followed.

■ It is unnecessary here to consider or discuss the numerous alleged irregularities in the tax proceedings of the department of revenue which occurred, as said, prior to the final determination of the tax. The statute affords the taxpayer a plain, speedy and adequate remedy and full opportunity to be heard as to the quantum of the tax and the alleged irregularities leading up to the fixation of tax liability. Failure to interpose the objections now made in the manner and at the time prescribed by law, and to exhaust the statutory remedies afforded the taxpayer, constitutes a waiver of such objections which cannot now be asserted. *Shotkin v. Perkins, supra; Palmer v. Perkins,* 119 Colo. 533, 205 P. (2d) 785; *People, ex rel. v. Maytag,* 121 Colo. 446, 218 P. (2d) 512; *People v. Skinner,* 18 Cal. (2d) 349, 115 P. (2d) 488, 149 A.L.R. 299; *California Employment Commission v. MacGregor,* 64 Cal. App. (2d) 691, 149 P. (2d) 304; *Henry v. Manzella,* 356 Mo. 305, 201 S.W. (2d) 457.

■ It is contended by the administrator that the state is barred from asserting its tax claims for the reason that it did not present the same in the probate court for allowance within the time required by law for filing claims in said estate. This question has been determined adversely to the administrator's contention in *Ray v. State,* 123 Colo. 144, 226 P. (2d) 804.

■ The principal argument of the administrator here advanced is that the judgment of the trial court, being entered without service of process upon the administrator, is invalid and void and deprives the taxpayer of his property without due process of law.

In making this contention counsel overlook the fact that the entry of judgment by the clerk of the district court upon the filing in his office of the distraint warrant of the director of revenue constitutes but one of the various steps provided by law for the collection and enforcement of tax claims theretofore conclusively fixed

and finally determined by the director. The power of the legislature, and the extent of its authority in prescribing summary methods for the collection of public revenue, is aptly stated in 51 American Jurisprudence, 857, section 980, from which we quote:

"§980, Generally.—The continued existence of the effective government depends upon regular receipt of public revenue. It is imperatively necessary that taxes be paid or collected promptly; delay cannot be tolerated. The legislature may adopt any reasonable method designed for the effective enforcement of the collection of taxes, whether the property taxed belongs to residents or nonresidents. Whether the means adopted are within reasonable and rational limits is largely a question for the legislature alone. By whom, when, and through what procedure or remedy taxes shall be collected is a matter for legislative determination, subject to the rule that the procedure cannot be utterly unreasonable or arbitrary or unequal and unjust in its operation. The legislature may provide the most summary measures for the enforcement of the collection of taxes without divesting a citizen of his property without due process of law. It may prescribe what shall be essential and what unessential in tax collection proceedings, subject only to the fundamental principle that a person whose property is to be subject to taxation must have notice and an opportunity to be heard as to the amount of the charge upon his property, or, in other words, that due process of law must be provided for. The necessity of revenue for the support of the government does not always admit of the delay attendant upon proceedings in a court of justice. Hence, legislative bodies have provided for distress and sale of property, imposition of penalties for nonpayment, and making payment a condition precedent to the exercise of some legal right, such as voting at elections, the bringing of a suit, or the carrying on of a business. It has been said that the state has the right to adopt any measure short of actual disenfranchisement to

compel the payment of taxes. Giving to administrative officers discretionary enforcement of the mode of collecting taxes is not a delegation of legislative powers."

The provisions of a California statute for the collection of additional assessments under the Retail Sales Tax Act of that state are strikingly similar to those under our laws for the collection of deficiency income tax assessments. The California act was construed and held constitutional in *People v. Skinner, supra.* In that case the same arguments were advanced to defeat the additional assessments, as those presented in the instant case, and they were there determined to be without merit, as indicated by the following excerpts from the syllabus of the case in the Pacific Reporter:

"Where notices of additional assessments under Retail Sales Tax Act were mailed to retailer at his place of business, statutory requirements respecting notices were sufficiently complied with by State Board of Equalization, though no summons or notice of any kind was ever served personally on retailer."

"Under provisions of Retail Sales Tax Act empowering State Board of Equalization to appoint assistants to enforce its powers and perform its duties, the fact that certificate of amount of tax filed by board in county clerk's office with request for judgment against retailer was signed by tax counsel appointed by board rather than by board itself, did not render certificate invalid."

"A more summary method may be provided for the collection of taxes due to the sovereign than is provided for the recovery of judgment for debts between private citizens."

" 'Due process of law' is satisfied if notice and an opportunity to question the validity or amount of the tax is provided for at some stage of the proceedings, the notice does not have to be personally served, notice of every step in the proceeding is not required, and it is sufficient if the finality of the assessment is determined by the taxing authorities."

"The sufficiency of a notice, as constituting 'due process of law,' must be determined in each case on the particular circumstances, and in matters of assessment and taxation the same character of notice is not required as in ordinary actions in a court of justice."

"The Retail Sales Tax Act provision that State Board of Equalization must file a certificate specifying amount of delinquent tax, interest and penalties, with the name and last known address of retailer liable, and requesting that judgment be entered against retailer in amount set forth and that county clerk shall immediately enter judgment against the retailer, is not violative of the 'due process' clauses of the Federal or State Constitutions."

"The use of the word 'judgment' in section of Retail Sales Tax Act providing that 'judgment' shall be entered against retailer in amount of delinquent taxes set forth in certificate issued by State Board of Equalization and filed with county clerk does not of itself require all the antecedent steps in a judicial tribunal usually applicable when private debts are the subject of collection."

"The sovereign may adopt any appropriate procedure known to the law to collect taxes, and it is not required to provide for hearing in a judicial tribunal before it may use the processes which follow upon the entry of a judgment in such a tribunal in order not to violate requirements of 'due process of law' of State and Federal Constitutions."

"Under provision of Retail Sales Tax Act requiring that judgment be entered against retailer in amount of delinquent taxes set forth in certificate of State Board of Equalization filed with county clerk with request that judgment be entered against retailer in amount thereof, a hearing in a judicial tribunal was not intended nor required for the entry of the judgment."

" * * * The 'judgment' referred to, not being one ordered by a judicial tribunal, is not governed by provisions of Code of Civil Procedure in like matters, such

as requirement for notice of entry of judgment with right to resort to an appellate tribunal."

Viewed in the light of the statutes here considered, and the authorities above cited, the judgment of the trial court should be, and accordingly is, affirmed.

Mr. Justice Moore dissents.

Mr. Justice Holland not participating.