Mr. Justice Moore
delivered the opinion of the Court.
We refer to plaintiff in error as the director of reve *89 nue, to defendant in error Browne Barr as the executor, and to Georgia M. Barr as the widow.
John T. Barr died testate December 21, 1963, and the executor was appointed by the probate court of the City and County of Denver on February 3, 1964. The entire assets of the estate amounted to $5,339.16 in cash. Petition was filed in the probate court by the director of revenue on April 27, 1964, for an order of court directing the payment of $3,000.94 without classification or pro-ration. This amount represented income taxes due from decedent for the years 1960, 1961, 1962 and 1963, plus interest and penalties. An amended petition was filed to include an additional $388.74 allegedly due as state income tax for the year 1963. The court entered an order on August 12, 1964, allowing the payment from estate assets of $320 as executor’s fees and $315 as attorneys’ fees.
On September 1, 1964, the executor filed a “Petition Re Classification and Payment of Claims” in which the claims filed against the estate were listed and from which it appeared that the estate was not solvent. The petition alleged, inter alia, that:
“5. The assets of the estate are sufficient to pay claims of the second and third classes in full and to pay $3,287.41 upon the fourth class claim, but insufficient to pay fifth class claims.”
The only fourth class claim was that of the widow for a widow’s allowance in the amount of $3,500.
At the conclusion of the hearing held upon the petitions of the director of revenue and that of the executor, the court ordered that the claim of the director of revenue be classified as a fifth class claim and that all claims of the first, second, and third class be paid in full. It further ordered that the claim of Georgia M. Barr for $3,500 as a widow’s allowance be classified as a fourth class claim, and that the balance of the estate assets remaining after payment of claims of the first, second, and third class, be applied on the widow’s claim. The *90 director of revenue is. here-on. writ of error seéking reversal of that judgment.
 It is contended that the claim of -the state for income taxes due is not subject to classification, and that the state is entitled to have its claim preferred as against all other claims. The case of Ray, as Administratrix of the Estate of Lyman v. State of Colorado, 123 Colo. 144, 226 P.2d 804, is relied upon by the director of revenue. In that case the State of Colorado, through its director of revenue, filed a claim for income taxes for the years 1941 and 1942 against the estate of one Guy C. Lyman, deceased, which claim was allowed by the county court of Jefferson county, and also by the district court as a preferred claim. After reviewing the income tax law of the State of Colorado, this court affirmed the judgment of the county court and of the district court, saying:
“We are asked to determine whether or not sections 195 and 207, chapter 176, C.S.A., 1935, as amended by chapter 235, S. L. ’41, relating to the filing and classifications of claims in estates, apply to, and are binding upon, the state. The above sections provide in substance, in so far as here material, that all claims against estates be divided into five classes, and that those claims not filed within six months from and after the issuance of letters of administration shall be forever barred. Claims for taxes due the state are not therein classified. Under paragraph ‘Fifth’ of section 195, supra, the right of administrators and executors to pay such taxes without the filing of claims in the estates, is recognized.
“The director of revenue, not the courts, is vested under the statute, in the first instance, with full authority under section 32, supra, to determine the tax liability of the estate, subject to the right of appeal to the district court, 'and the further right of review by this court pursuant to the provisions of section 33, supra. It should also be observed that two methods are prescribed in the law for satisfying and discharging tax *91 claims. ' Paragraph ‘Fifth’ of section 195, supra, -as amended by S.L. ’41, p. '909, provides, inter alia, ‘that wherever it may be necessary so to do, in order to presérve the estate, real or personal, for the benefit of the heirs, legatees, devisees and creditors, the executor' or administrator may pay any taxes due thereon to the state or to any city, county or town without the filing of a claim, and shall be allowed such payments in his accounts.’
“The second method is found in section 44, chapter 84 (A), supra, which provides, for the purpose of facilitating the settlement and distribution of estates, that the administrator or executor may negotiate a closing agreement with the director of revenue with respect to the amount of income taxes due; that payment of such amount so agreed upon shall discharge the administrator or executor from all further liability on account of such taxes; and that in the event the administrator shall distribute the assets of the estate without first reqüesting such closing agreement, he shall become personally liable for said tax.
“An examination of the income tax law as a whole, and the above provisions in particular, convinces us that it was not the intention of the legislature that state claims for income taxes should be considered' as ordinary claims classified in amended section 195, chapter 176, supra, requiring their presentation for payment in estates. We conclude that said amended sections 195 and 207 are not applicable to or binding upon the state, and that the state is not barred by any statute of limitation or non-claim from collecting the tax. Our conclusion that presentation of claims for taxes against estates is not required, is supported by the weight of authorities from other jurisdictions. 21 Am. Jur. 580, §351; Graham v. Russell, 152 Ind. 186, 52 N.E. 806; Cullop v. City of Vincennes, 34 Ind. App. 667, 72 N.E. 166; Bogue v. Laughlin, 149 Wis. 271, 136 N. W. 606; Re Estate of Adams, deceased, 224 Wis. 237, 272 N. W. 19, 109 A.L.R. 1364.”
*92 Ray v. State, supra, was cited with approval in Liebhardt, Adm’x v. Revenue Department, 123 Colo. 369, 229 P.2d 655, in which this court held that the state is not barred from asserting tax claims against an estate for the reason that it did not present them in the probate court for allowance within the time required bylaw; and further, that “* * * the state has the right to adopt any measure short of actual disenfranchisement to compel the payment of taxes. * * *” We again approved the holding in Ray v. State, supra, in State v. Griffith, 130 Colo. 312, 275 P.2d 945.
Ray v. State, supra, was decided in December of 1950. Since that time the law of this state pertaining to classification of claims was re-enacted in C.R.S. ’53. Thereafter the legislature made certain changes in connection with the classification of claims against estates but none of them have any relevance to the holding of this court in the Ray case. The general assembly has not seen fit to modify the rule of law announced in that case.
It follows that the judgment of the county court should be, and is, hereby reversed, and the cause remanded with directions to grant the prayer of the petition filed by the director of revenue, and to vacate all orders entered in the estate proceedings which are inconsistent with the views herein expressed.