### No. 14,099.

IN RE INTERROGATORIES OF THE GOVERNOR.
(.... P. [2d] ....)

Answers filed January 26, 1937.

Mr. BYRON G. ROGERS, Attorney General, Mr. LUKE J. KAVANAUGH, Deputy, Mr. C. E. SYDNER, First Assistant, Mr. PIERPONT FULLER, Assistant, Mr. CLAYTON C. DORSEY, Mr. R. L. SAUTER, Messrs. GARWOOD & GARWOOD, Mr. O. OTTO MOORE, Mr. W. W. GRANT, JR., amici curiae.

*Per Curiam.*

JANUARY 14, 1937, there were filed in this court certain interrogatories propounded by the Governor under section 3, article VI of the Constitution which requires the court to "give its opinion upon important questions upon solemn occasions when required by the governor." Counsel here appearing as amici curiae did so at our request and have our thanks for their valuable services. Their briefs were filed within the short time necessarily limited and the cause was then set for oral argument January 22, and so argued.

Following is the communication from the Chief Executive:

"Whereas, the people of the state of Colorado at the general election held November 3, 1936, enacted an amendment to the Colorado Constitution entitled: 'An act amending the state Constitution by adding thereto a new article concerning old age pensions and providing funds for the payment thereof,' and appearing on the ballot as Amendment No. 4; and,

"Whereas, the state board of canvassers, upon December 1, 1936, officially notified the secretary of state that said amendment had been adopted, and the official declaration of the vote thereon was proclaimed by the Governor upon December 10, 1936; and,

"Whereas, certain parts of said amendment purport to require the state treasurer to set up a new fund in the state treasury, known as the old age pension fund, and to pay into said fund 85% of the money which, under chapter 8, Second Extraordinary Session Laws of Colorado, 1936, is payable into the state welfare fund, and is appropriated by said chapter for the maintenance of certain essential functions of state government, including unemployment relief, aid to dependent children, aid to the blind, assistance to crippled children, maternal and child health and vocational education, as well as old age assistance; and,

"Whereas, the state department of public welfare, if said amendment be valid and self-executing, may be re-

quired, beginning January 1, 1937, to provide for the payment of old age pensions to great numbers of persons between the ages of sixty and sixty-five years, and to provide for the payment of pensions amounting to $45.00 per month beginning January 1, 1937; and,

"Whereas, if said amendment, or certain parts of said amendment are not self-executing, or if said act is invalid, the state department of public welfare is required, under chapter 5, Second Extraordinary Session Laws of Colorado, 1936, to continue to allocate to the various counties of the state money from the state welfare fund for payment of old age assistance upon a wholly different basis; and,

"Whereas, the attorney general has rendered an opinion, a copy of which opinion is hereto attached, holding that said amendment is not self-executing and must await legislative action before it may become effective; and,

"Whereas, the state treasurer and said board has received, and are receiving, numerous demands and applications from various citizens and taxpayers and groups of such individuals, insisting said state treasurer and said board proceed to treat said amendment as valid and self-executing and proceed to carry out its provisions, and,

"Whereas, pursuant to the federal social security act and Colorado legislative acts, the United States Government has been paying large sums of money to the state welfare fund for old age assistance and the United States Government has requested and been furnished a copy of the attorney general's opinion above referred to, but has failed to allot to Colorado money for old age assistance for the quarter commencing January 1, 1937, and has indicated that said allotment will not be made until the legal aspects of this matter are cleared up, and until said federal allotments are made the recipients of old age assistance in this state will be deprived of this assistance which in many cases will deprive them of the absolute necessities of life, and,

594

"Whereas, the state treasurer and said board remain in doubt as to the validity of said amendment, and as to whether or not it is self-executing, in whole or in part, and have requested me to propound appropriate interrogatories to your Honorable Court, in order to finally settle and determine the question of the validity of said amendment, and the question as to whether said amendment is or is not self-executing; and,

"Whereas, section 2 of article IV of the Colorado Constitution provides that "The supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed," and I, both as supreme executive under said section, and as governor and head of the executive department of the state government which includes the state department of public welfare, am in doubt as to how I should properly exercise my authority; and,

"Whereas, it is essential that the state auditor, the state treasurer and the state board of public welfare perform their functions and duties in a legal and proper manner; and,

"Whereas, any mistake which either or any of said governmental departments might make, in either enforcing or failing to enforce said amendment, would result in untold hardship and suffering to large numbers of persons within this state;

"Now therefore, in view of the premises, I believe that the question of the validity and operation of said legislative acts and amendment is important, and that a solemn occasion, within the meaning and intention of section 3, article VI, of the state Constitution, has arisen, and accordingly request your Honorable Court to render its opinion upon the following questions arising under said constitutional amendment, viz.:

"First. Are the provisions of said amendment, or any thereof, self-executing?

"Second. If the court holds that said amendment is not self-executing, then are the statutes governing old

age assistance and the administration of the state welfare fund, being chapters 5, 6 and 8, Second Extraordinary Session Laws 1936, in full force and effect?

"Third. If the court holds that section 2(b) of said amendment is self-executing, does it operate to repeal, in its entirety, section 3(b) of chapter 8, Second Extraordinary Session Laws, 1936? This section reads as follows: ' (b) All net revenues accrued or accruing, received or receivable from the excise taxes upon intoxicating liquors and license fees, which are now payable to the state treasury pursuant to the provisions of chapter 142, Session Laws of Colorado 1935; provided however, that 50% of the monthly revenues so derived shall remain in and be credited to general revenue fund of the state, until such credit shall have aggregated the sum of one million dollars ($1,000,000.00) and thereafter all such revenues received shall be credited to the state public welfare fund.'

"Fourth. Is said amendment, and more particularly are sections 2 and 5 thereof, invalid by reason of the fact that they attempt to extend or amend an act by reference to its title only, contrary to the provisions of section 24 of article V of the state Constitution? This section reads as follows: 'No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length.'

"Fifth. Is said amendment repugnant to section 4 of the Enabling Act of the state of Colorado? This section reads, in part, as follows: ' * * * the constitution shall be republican in form * * * and not be repugnant to the constitution of the United States and the principles of the declaration of independence.'

"Sixth. Does said amendment conflict with section 31 of article V of the Colorado Constitution? This section reads: 'All bills for raising revenue shall originate in

the house of representatives; but the senate may propose amendments, as in case of other bills.'

"If the answer to the above question is in the affirmative, does said amendment supersede such provision of the Constitution?

"Seventh. Is said amendment repugnant to article IV, section 4, of the Constitution of the United States? This section reads as follows: 'The United States shall guarantee to every state in this Union a republican form of government, and shall protect each of them against invasion; and on application of the legislature or of the executive (when the legislature cannot be convened) against domestic violence.'

"Eighth. Does said amendment violate section 1 of the Fourteenth Amendment to the Constitution of the United States? This section reads, in part, as follows: '* * * No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.'

"Ninth. Does said amendment violate section X of article 1 of the Constitution of the United States? This section reads, in part, as follows: 'No state shall * * * pass any * * * law impairing the obligation of contracts, * * *.' And, more particularly, does section 2 (d) thereof violate said section X of article 1? Said section 2(d) reads as follows: 'Section 2. There is hereby set aside, allocated and allotted to the Old Age Pension Fund sums and money as follows: (d) All grants in aid from the Federal Government for old age assistance.'

"Tenth. Is said measure in its entirety, as a constitutional amendment, invalid because it consists of matter which is not constitutional or fundamental in character, but purely statutory, and therefore not within the scope of the initiative power relating to constitutional amendments reserved to the people by Colorado Constitution,

article V, section 1, as amended, which reads as follows: 'The people reserve to themselves the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the General Assembly. * * * The first power hereby reserved by the people is the initiative, and at least eight per cent of the legal voters shall be required to propose any measure by petition, and every such petition shall include the full text of the measure so proposed. Initiative petitions for state legislation and amendments to the Constitution, shall be addressed to and filed with the secretary of state at least four months before the election at which they are to be voted upon. * * * The secretary of state shall submit all measures initiated by or referred to the people for adoption or rejection at the polls, in compliance herewith. * * * The text of all measures to be submitted shall be published as constitutional amendments are published, * * *.'

"Eleventh. Is said old age pension amendment invalid because never lawfully or actually adopted by the vote of the electors, in that, by the manner of its submission numerous distinct and independent questions were presented for a single yes or no vote, thereby preventing a fair choice by the voters and violating the fundamental principle by which all free elections must be governed, contrary to Colorado Constitution, article II, section 5, which provides 'That all elections shall be free and open;' and, Colorado Constitution, article XIX, section 2, which provides: 'That if more than one amendment be submitted at any general election, each of said amendments shall be voted upon separately and votes thereon cast shall be separately counted the same as though but one amendment was submitted.'

  "Respectfully submitted,

   "Teller Ammons, Governor of Colorado."

We have considered the applicability of said section of the Constitution to these interrogatories and find them within it.

We elect to make answer by simply stating the vote and handing down our conclusions. Since there is no constitutional requirement that reasons be given in answering such questions we deem it advisable, in the promotion of expedition, that no opinion be now filed. Any Justice so desiring will file an opinion within ten days from the date of this announcement. Opinions so filed, if any, will be published as a part of the decision.

In answering all questions, after the first each Justice assumes the preceding settled as per the majority vote thereon and proceeds as though that vote had been unanimous.

We think, in view of our conclusions, the most logical order of consideration of said interrogatories, hence the sequence in which we answer them is the following: 10, 11, 4, 5, 6, 7, 8, 9, 1, 2, 3. In each instance, following, the number in parentheses is the number appearing in the Governor's communication.

1—(10). The answer is "No." Mr. Justice Holland dissenting.

2—(11). The answer is "No." Mr. Chief Justice Burke and Mr. Justice Holland dissenting.

3—(4). The answer is "No." Mr. Justice Holland dissenting.

4—(5). The answer is "No." All the Justices concurring.

5—(6). The answer is "No." All the Justices concurring.

6—(7). The answer is "No." All the Justices concurring.

7—(8). The answer is "No." Mr. Justice Holland dissenting.

8—(9). The answer is "No." All the Justices concurring.

9—(1). The answer is: It is self-executing as to the establishment of the specified fund; otherwise not, save that the fund so created becomes the fund out of which payments will be made under the laws heretofore in force

until said amendment No. 4 is otherwise effectuated by legislation.

Mr. Justice Hilliard and Mr. Justice Young dissent in part. They think the question should be answered as follows:

"As to the establishment of the old age pension fund and allotting money thereto, the right to have and receive $45 per month, or such proportion thereof as funds available therefor from month to month will discharge—not to be repaid, ownership of a residence and personal property exempt from execution for debt not to militate against or impair such right, the amendment is self-executing so far as it affects any person enjoying, or to enjoy, a pensionable status under the act of 1936; otherwise, not."

Mr. Justice Holland dissents in part. He thinks the question should be answered as follows:

"The amendment being a part of the Constitution it is beyond the reach of the legislature, or any administrative board under existing laws, to use any part of the fund, so established, for any other purpose than that for which it is created, namely, to pay a minimum pension of $45 per month to every person who was 60 years of age on January 1, 1937, as soon as they qualify under laws, undoubtedly intended, if not directed, to be made for its distribution to such persons. It is a plain violation of the amendment to use any part of the fund to other ends. Section 7 thereof will not permit of any other construction."

10—(2). The answer is: Said sections are in effect save as modified by our last preceding answer. All Justices concurring.

11—(3). The answer is "Yes." All the Justices concurring.

Mr. Chief Justice Burke dissenting in part.

My dissent to the court's answer to No. 11 rests upon results so far-reaching as to make this statement impera-

tive. As a firm believer in old age pensions, convinced of the right of the people of Colorado to make any change in their Constitution not prohibited by that of the United States, and anxious to see their will, lawfully expressed, effectuated, I enter that dissent and state its reasons only under what appears to me the compulsion of my official oath.

Changes can only be made in our Constitution as therein provided. If we wish to make them in some other way we must first amend the Constitution accordingly. At present two amendments cannot be submitted as one, nor can an amendment be submitted save under a ballot title which fairly sets forth its scope and purpose. It is said that this amendment was so submitted and that its provisions were fully understood, discussed and considered by those voting thereon. So far as those provisions expressly appear this is conceded. However, this amendment contains matter not so appearing, unrevealed by, and only remotely related to, its title, some of it unnoticed by counsel in argument, fundamental in its character, and yet, I doubt not, unconsidered by its authors, or the authors of its title, or those who voted for or against it.

This amendment not only writes several statutory provisions into the Constitution by reference to their numbers, but authorizes the legislature to hereafter take them out and substitute others therefor, without reference to the people. Thus it confers upon the legislature the power to amend the Constitution. For instance, heretofore, since the repeal of prohibition, the legislature has been vested with power, which it has exercised, to license the manufacture and sale of intoxicating liquor. It has also been vested with power to prohibit that traffic and make the state "bone dry." A like power has existed in the people by the initiation of statutes. Both the people and the legislature are now stripped thereof, that traffic frozen into the Constitution, covered with the protecting robe of pensions for the aged, and the lawmakers forbid-

den to touch it. This prohibition is subject to one exception; the legislature may so interfere only provided it levies other taxes which raise equal revenue. Thereupon those levies and their allocation become a part of the fundamental law and thus the legislature amends the Constitution; and this process may be repeated indefinitely, without reference to the people.

This title mentions pensions and the raising of revenue, but does not hint at authority to the legislature to amend the Constitution, or that that instrument now commands the licensing of the manufacture and sale of intoxicating liquors. Did those citizens who favor the prohibition of that traffic discuss and consider this result in the late campaign, or understand it when they voted for Amendment No. 4.? I am not so informed and cannot so believe.

A like illustration, and perhaps a more forceful one, might be drawn from the sales tax.

It thus appears that two constitutional mandates have been violated in the submission of Amendment No. 4, i. e., two amendments have been submitted as one, and a most vital change thereby effected is not mentioned in the title. Even had the voters in the instant case in fact duly considered these things, our approval establishes a binding precedent which I cannot but believe fraught with grave consequences in the future. Mr. Justice Holland concurs herein.