THESE parties appeared in reverse order in the trial court. Plaintiffs in error are hereinafter referred to as the town and defendant in error as the district attorney.
The district attorney brought injunction to restrain the town from issuing licenses for the retail sale of intoxicating liquor on the theory of the unconstitutionality of the statute purporting to authorize the issuance. The town's demurrer for want of facts was overruled, it elected to stand, and the writ was issued. To review that judgment it brings error.
[1] The first contention is that this is not a case for injunction. Assuming the construction of the constitutional provision maintained by the district attorney, and considering that it provides no penalty for its violation, and is not therein aided by statute, we think he was without legal remedy and hence the suit was maintainable.
[2] Newly elected officials have, notwithstanding the writ, issued the licenses. This fact is made the basis of a motion to dismiss the action as moot. In view of the public interest whereby the question has become state-wide and can only be put at rest by judgment here that motion must be denied. Van De Vegt v.Commissioners, 98 Colo. 161, 177, 55 P.2d 703, 710. *Page 383 
[3, 4] Article XXII of the state Constitution (S. L. '33, p. 390), adopted at the general election of 1932, repeals as of date June 30, 1933, all statutes relating to intoxicating liquors, and provides that from and after the following day the entire traffic shall be exclusively controlled "by or through such agencies and under such regulations as may hereafter be provided by statutory laws of the State of Colorado; but no such laws shall ever authorize the establishment or maintenance of any saloon." Certain sections of the liquor code, being chapter 142, p. 597, S. L. 1935, appear to authorize the issuances of the licenses here in question. Section 1 of the act repeats the constitutional prohibition against the "saloon," but section 4(a), p. 602, purports to define "saloon," and this statutory saloon, it is said, is a thing entirely different from the saloon referred to in the Constitution, and is prohibited thereby. Such is the main question argued in the briefs. However, for reasons hereinafter stated, we feel constrained to dispose of this action on another ground which, in the nature of things, could not have been considered below.
Though the motion to dismiss, and the briefs thereon, came in much later, the last brief on the merits was filed herein June 6, 1936. At the general election, following, the "Old Age Pension Amendment" to the Constitution, known as Amendment No. 4, was adopted. Section 2 thereof allocates to the old age pension fund 85 per cent of all excise taxes "now or hereafter levied upon the storage, use or consumption of any commodity or product," and more specifically by section 2(b), 85 per cent of "all net revenues accrued or accruing, received or receivable" from intoxicating liquor taxes "of whatever kind." Section 5 thereof commands that no law providing revenue for the old age pension fund shall be repealed or amended unless, at the same time, substitute revenue in an equal amount be provided. We have heretofore upheld said amendment No. 4, and particularly *Page 384 
that portion thereof allocating revenues. In Re Interrogatoriesof the Governor, 99 Colo. 591, 65 P.2d 7.
Following the enactment by the General Assembly of said chapter 142 licenses therein provided for, similar to those here in question, were issued and "saloons," if such they be, established thereunder have since been operating generally throughout the state. Thus the revenue raising provisions of said chapter 142 were incorporated into, and are now a part of, the Constitution, with the result that said article XXII has been modified as to its prohibition against the establishment and maintenance of any saloon, and those places here in question which had provided, and were providing, such revenue were legalized.
To hold otherwise would take from the old age pension fund approximately one million dollars now allocated to it by said amendment No. 4, as construed by this court in In re Interrogatories of the Governor, supra, with no revenue substituted therefor and no constitutional obligation on the legislature to provide such. This seems clearly contrary to the purpose and intent of said amendment No. 4 and its specific language. The fact, if it be a fact, that the licensing provisions of said chapter 142, here involved, were, prior to the passage of the Old Age Pension Amendment, unconstitutional, is now immaterial. It had not been so declared and all presumptions were in its favor. Moreover, the people, if they so desire, may write into their Constitution any provision they wish which does not conflict with the Constitution of the United States. That power is in no way impaired by the fact that the proposed amendment was or was not theretofore statutory, or, if statutory, valid or void.
In our opinion said amendment No. 4 did not let down the bars for legislative authorization of any kind of establishment save those then authorized by said chapter 142. Such only were producing, or presumably would in the future produce, "excise taxes" and "net revenues." Such taxes and revenues were the only proceeds *Page 385 
allocated to the old age pension fund and to that extent only was the prohibition of article XXII repealed or suspended. The people, in adopting that act, merely accepted a status then known to all to exist.
Our holding therefore is that assuming, but not deciding, that the places for which the licenses here in question were to be, or were, issued, are saloons within the prohibition of said article XXII, that clause was thus far repealed, or its operation suspended, by said amendment No. 4.
Since this question was not, and could not be argued by counsel the prohibitions of our Rule 48 do not apply to a petition for rehearing herein. Expedition appearing necessary motion and briefs, if any, may be in typewriting.
The judgment is reversed with directions to dismiss.
MR. JUSTICE HILLIARD, MR. JUSTICE YOUNG and MR. JUSTICE BAKKE dissent.