No. 14,411.

FAIRALL ET AL. *v.* FRISBEE.
(92 P. [2d] 748)

Decided July 3, 1939.

Mr. Byron G. Rogers, Attorney General, Mr. Joseph D. Iskow, Assistant, Mr. Malcolm Lindsey, Mr. Thomas H. Gibson, for plaintiffs in error.

Mr. Albert S. Frost, Mr. L. F. Crawford, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Frisbee, defendant in error, brought suit under the Uniform Declaratory Judgments Law, sections 78 to 92 inclusive, chapter 93, '35 C. S. A., against plaintiffs in error, the administrative bodies—hereinafter mentioned as the boards—of the old age pension, asking the court to declare his status as a pensioner, and to adjudge "that plaintiff is entitled to a pension of $45.00 per month for the month of September, 1937, and to $15.00 additional pension for the months of January" to August, inclusive, 1937, he having received $30.00 for each of the last mentioned months. The boards filed a general demurrer which was overruled. They elected to stand on the demurrer and judgment was entered in favor of Frisbee in the amount asked, $165. Reversal is sought on writ of error.

The trial court clearly was in error in attempting to decree judgment for $120 for the months of January to August, inclusive, because we held in *In re Interrogatories,* 99 Colo. 591, 65 P. (2d) 7, anent the said old age pension amendment, "It is self-executing as to the establishment of the specified fund; otherwise not, save that the fund so created becomes the fund out of which payments will be made under the laws heretofore in force *until said amendment No. 4 is otherwise effectuated by legislation.*" (Italics are ours.)

The complaint admits that defendant in error received $30 a month until September 1, 1937, which was all that any pensioner received, and the act (1937 Session Laws, chapter 201), which was the legislation otherwise affecting amendment No. 4, became effective September 1, 1937 This automatically disposes of any alleged cause of action for the months of January to August, inclusive.

Frisbee's only right to maintain this action is based upon his attempt to have his status as a pensioner determined. On this angle of the case his complaint recites that he made proper application to the Denver board in August, 1937, which application was denied, that he then appealed to the State Welfare Board for a review of the Denver board's action, and "that on or about October 13, 1937, plaintiff received notice from the Bureau of Public Welfare of the State of Colorado that his case had been reinstated and that he would receive a check for forty-five dollars shortly after October 20, 1937."

He then alleges that he renewed his application to the Denver board, which again was denied; whereupon he appealed to the state board which denied him a hearing, and refused to grant him a pension for the month of September, 1937.

He continues with an allegation on information and belief that there was $1,500,000 in the pension fund, "and there has been allocated to the City and County of Denver, for disbursement, by the County Board of Welfare large sums of money, adequate and sufficient to pay all of the old age pensions of the City and County of Denver, and to pay to plaintiff his pension of $45 per month for the month of September, 1937." In his prayer he asks that the state board be required to fix his status as a pensioner, and as such, entitled to the $45 a month pension for September, 1937; that the city board be required to certify his name to William H. McNichols, auditor of the City and County of Denver, for the same amount; and that said McNichols be ordered to issue a warrant for the same.

This record discloses that defendant's status as a pensioner already was established, and that he, as well as all other pensioners, was entitled to payment for the month of September. Nothing is left for determination under the Declaratory Judgments Law.

The judgment, accordingly, is reversed, and the cause remanded with directions to dimiss.

Mr. Justice Francis E. Bouck not participating.