No. 16,142.

Shotkin v. Perkins et al.

(199 P. [2d] 295)

Decided October 22, 1948. Rehearing denied November 8, 1948.

Mr. Bernard M. Shotkin, pro se.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. Charles F. Cory, Assistant, for respondents.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS inquiry has to do with the "Emergency Retail Sales Tax Act of 1933 [L. '35, p. 1000, §1; L. '37, p. 1075, §1]," 1947 Supp. '35 C.S.A., c. 144. Based on section 27 of the amended act, respondent Perkins, Director of Revenue of the State of Colorado, has moved to dismiss the writ of error, for that, as said, the sales tax liability of petitioner within the contemplation of this proceeding, "has become final under the statutes of the State of Colorado."

It appears that May 1, 1948, the Director of Revenue, proceeding in writing, issued a notice of administrative hearing on the sales tax liability of petitioner, to be held May 5, 1948; that he caused a copy thereof to be served upon petitioner personally; that at the time and place indicated in the notice, the Director of Revenue conducted a hearing in due form; that May 8, 1948, proceeding in writing, he made his final decision regarding the tax assessment of which petitioner complains, and May 12, 1948, caused a copy thereof to be mailed to petitioner by registered mail with request for return receipt which petitioner signed as of May 13, 1948, and it was returned. It also appears that petitioner has not filed a bond in contemplation of paragraph (c) of section 27 of the act, nor did he ever file such bond or any bond or deposit money in lieu thereof. May 4, 1948, petitioner filed a complaint in the district court for a declaratory judgment, challenging the assessment here involved. Subsequently, the trial court adjudged dismissal thereof.

It is informing, we think, to set forth that May 27, 1948, petitioner, seemingly proceeding pursuant to paragraph (b), section 27 of the act, but again sans bond, filed a petition in the district court for a writ of cer-

tiorari, challenging the same assessment. That action still is pending below.

We cannot think the court erred in dismissing the action here. The procedure to be followed is imperatively couched in section 27, of the act. It reads:

"§27. (a) Every decision of the state treasurer shall be in writing and notice thereof shall be mailed to the vendor within ten (10) days, and all such decisions shall become final upon the expiration of thirty (30) days after notice of such decision shall have been mailed to the vendor, unless proceedings are taken within said time for review thereof as hereinafter provided.

"(b) The district court of the county wherein the taxpayer resides or has his principal place of business shall have original jurisdiction in proceedings to review all questions of law and fact determined by the state treasurer in administering the provisions of articles 1 to 5 of this chapter by writ of certiorari to the state treasurer. If the taxpayer is not a resident of this state or has no principal place of business in this state, such venue shall be in the city and county of Denver. Such writs of certiorari shall be issued by the clerk of the court upon the duly verified petition of the taxpayer, filed within twenty (20) days after notice of the decision of the state treasurer in any such matter. The writ shall be served within five (5) days after its issuance and shall be returnable, at such time as the court may determine, not less than ten (10) days nor more than twenty (20) days after the date when the writ was issued. The state treasurer shall forthwith certify the record of its proceeding to said court. The procedure therein shall be in conformity with the code of civil procedure.

"(c) Before making application to the district court for a writ of certiorari, the party making such application shall file with the state treasurer a bond in twice the amount of the taxes, interests and other charges audited and stated in the determination and decision of the state treasurer with surety as is now provided in

other cases on appeal, or at his option may deposit lawful money of the United States in the same manner as before provided.

"(d) The decision of the district court may be reviewed in the supreme court upon writ of error by any party."

It follows that the motion to dismiss the writ of error should be granted. Let it be so ordered.

MR. JUSTICE ALTER and MR. JUSTICE LUXFORD not participating.