No. 16,054.

PALMER ET AL. *v.* PERKINS, DIRECTOR OF REVENUE.
(205 P. [2d] 785)

Decided April 11, 1949.

Messrs. SMITH & HOLMES, Mr. BENJAMIN GRIFFITH, Mr. ARCHIBALD A. LEE, for plaintiffs in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. GEORGE K. THOMAS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

ON April 8, 1946, plaintiffs in error, to whom we herein refer as plaintiffs, entered into a contract with George H. and Bartle H. Day, for the purchase of the business known as New Method Laundry, including all tangible and intangible property connected therewith. This institution conducted a general laundry, cleaning and dyeing business in the city of Grand Junction. Pursuant to the contract the sale was consummated June 1, 1946, at which time a substantial sum was paid and arrangements made for the payment of the balance of the purchase price.

Upon learning of the above transaction defendant in error, Perkins, as State Director of Revenue, September 8, 1947, pursuant to article 6, chapter 144, '35 C.S.A., Supp., levied a use tax deficiency assessment in the total sum, including interest, of $1,030.76, upon the privilege of storing, using or consuming the tangible personal property purchased in the manner above set forth. In limiting the assessment to the tangible personal property, the director was acting in accordance with the statute and in keeping with our decision in *Fifteenth Street Investment Co. v. People,* 102 Colo. 571, 81 P. (2d) 764. In the director's statement of assessment, he recited that the assessment would "be final and due and

payable ten days from the date of mailing hereof by registered mail, or if served personally, then ten days from such service, unless within said ten days you petition the director of revenue in writing for review and modification thereof * * *." No petition for review of said assessment by the director was made by plaintiffs within the time allotted or within any extension thereof.

November 26, 1947, after considerable correspondence between the director and plaintiffs, the latter brought this action in the district court of the City and County of Denver against the Director of Revenue for declaratory judgment, praying that the sale of property above mentioned be declared not a "retail sale" within the purview of the retail sales and use tax act, and that the alleged assessment be held invalid. The trial court upon hearing of plaintiffs' motion for summary judgment, and after taking testimony thereon, found in favor of the director of revenue and sustained the assessment. The judgment which followed is here for review.

The specific question we are called upon to decide is whether or not the assessment on account of "storing, using or consuming" the tangible personal property, referred to in the notice of assessment as "equipment and supplies" included in the above sale, is valid. Section 2 (c), chapter 144, '35 C.S.A. Supp., provides: "The term 'wholesale sale' means a sale by wholesalers to retail merchants, jobbers, dealers or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale; and the sale shall be deemed a retail sales, and subject to the provisions of this chapter." Paragraph (g) provides: " 'Retail sale' includes all sales made within the state except wholesale sales."

It is claimed by plaintiffs herein that the transaction here involved is neither a wholesale nor a retail sale within the above definitions and is therefore not taxable.

In discussing the above definitions, we said in *Bedford v. Colorado F. & I. Corp.*, 102 Colo. 538, 81 P. (2d) 752: "It will be observed that the definitions of 'wholesale sale' and 'retail sale' pronounced by the legislature for the purpose of the acts, differ materially from the ordinarily accepted general conception of the meaning of these terms. It seems certain from these provisions that the statute was fundamentally intended to impose a tax upon that which is consumed and used and exempts only that which is sold for resale. The controlling factor in the classification is the disposition of the goods made by the buyer, and not the character of the business of the seller or the buyer."

We are convinced from an analysis of the act as a whole, and from the foregoing definitions in particular, that all sales which are not wholesale sales fall within the category of retail sales even though they are casual or isolated transactions as here, and are taxable unless the particular transaction falls within one of the exemptions set forth in section 35 of the act. It is not here claimed that the above transaction falls in any one of the enumerated exemptions.

▌ In the trial court a motion was filed on behalf of the director to dismiss the complaint for failure of plaintiffs to pursue the statutory remedy incorporated in the act. The plaintiffs ignored such administrative remedies, failed to ask for a review of the assessment before the director, failed to pay the tax and petition for a refund, and failed to seek review in the district court on certiorari as by law provided.

In the meantime the state has been deprived of its revenue for approximately two years since the tax became due and payable. The avoidance of delay in the collection of public revenue is but one of the many reasons why the procedure provided for in the statutes for the collection of use and sales taxes should be followed. It was specifically designed and adopted by the legislature to expedite tax collections at a minimum

cost and at the same time protect the interests of the taxpayers, and constitutes a plain, speedy and adequate remedy. Actions for declaratory judgment were not intended as a substitute for the statutory procedure. "Declarations relating to tax matters have been refused * * * where there was another adequate remedy available." 16 Am. Jur., p. 322, §49; see, also, Annotation, 87 A.L.R. 1239, *Tawes v. Williams*, 179 Md. 224, 17 A. (2d) 137, 132 A.L.R. 1105.

The rule above announced was approved and adopted by us in the recent case, *Shotkin v. Perkins*, 118 Colo. 584, 199 P. (2d) 295. The trial court there dismissed Shotkin's action for declaratory judgment upon the ground that he had failed to follow the statutory procedure, involved in the instant case, with respect to posting a bond in lieu of payment of the tax assessed by the director of revenue. We there held, as shown by the syllabus: "Where the director of revenue of the state conducts a hearing on the liability of a taxpayer under the provisions of the Emergency Retail Sales Tax Act, his decision is final unless the taxpayer takes appropriate court action to have the same reviewed in accordance with the procedure set out in the act, and then, if he fails to comply with its mandatory provisions, particularly by not filing the bond stipulated therein, the action is properly dismissed by the trial court, and a writ of error issued by the Supreme Court to review the judgment will be dismissed on motion."

By failure to exhaust the legal remedies enacted for their use and benefit, plaintiffs are, under the above decision, precluded from maintaining this action, and the motion by the director in the trial court to dismiss, should have been sustained and the action dismissed. By permitting the time for seeking a review: first, by the director, and second, by the district court on certiorari, to elapse, the assessment has long since become

538

final and conclusive, and the decision of the director of revenue res judicata.

We find no merit in other points raised by plaintiffs in error. The judgment of the trial court is affirmed.