No. 16,855

HAYS ET AL. *v.* CITY AND COUNTY OF DENVER ET AL.
(254 P. [2d] 860)

Decided March 2, 1953.

Mr. CHARLES R. HAYS, for plaintiffs in error.

Mr. LEONARD M. CAMPBELL, Mr. HORACE N. HAWKINS, for defendants in error.

*En banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFFS in error, plaintiffs below, by writ of error, seek a reversal of a judgment of dismissal of their amended complaint, entered on motion of defendants in error, who were defendants below. Said complaint having been dismissed, plaintiffs elected not to plead further.

The record on error, submitted by plaintiffs, did not include their original complaint, defendants' motion to dismiss the same, and the court's ruling thereon. Defendants then applied to the trial court to have the original complaint included in the record, together with their motion to dismiss, and the ruling of the court sustaining such motion. The trial court granted defendants' motion for these additional parts of the record, but ordered them to pay for the same. Defendants have filed cross-specification asserting error in the ruling regarding costs.

Plaintiffs sought a declaratory judgment, alleging that they owned real and personal property in Denver, subject to taxation, and that "they bring this action for

themselves and on behalf of all other taxpayers of the City and County of Denver similarly situated."

They alleged that defendant Brodhead is the Manager of Revenue and ex-officio Assessor of the City and County of Denver, and that he has demanded entrance into the home of plaintiffs and "has threatened that if he be denied admission to said home he would increase the assessed value of said property; that because plaintiffs have refused said Manager of Revenue, ex-officio Assessor, admission to their home he has carried out his threat and increased the assessed value of their home and property," which assessments plaintiffs alleged are "arbitrary, capricious, discriminatory, unequal and punitive."

Plaintiffs further alleged that, the cause of action herein "is one of interest to the public generally, so that it may know whether or not the Manager of Revenue, ex-officio Assessor, can lawfully force his way into the homes of the taxpayers by threats and intimidation, and whether he can arbitrarily and capriciously increase the assessments of taxpayers because they refuse his demands for such entrance into their homes."

Plaintiffs prayed for judgment, declaring that defendant Manager of Revenue has "no right to force entrance into the home of plaintiffs, or the homes of other taxpayers similarly situated, against their will, by threats and intimidations, or otherwise; and that the duties, rights and responsibilities and legal relations of the parties hereto be determined and declared by this honorable court."

Did the trial court err in sustaining defendants' motion to dismiss the amended complaint? It is clear that plaintiffs, in their amended complaint, did not allege facts sufficient to entitle them to a declaratory judgment.

■ There can, of course, be no doubt or uncertainty about the duty and the right of a county assessor to assess property as demanded by the Constitution, and pertinent statutes. Neither such duty, nor right, is, or can be affected by the unwillingness or reluctance of a

householder to permit inspection of his premises. This is Horn Book Law.

Sections 114 and 116, chapter 142, '35 C.S.A., as amended by chapter 158, S. L. Colo. '43, set out the procedure to be followed by a taxpayer who feels that his property has been assessed too high. If no relief be had before the assessor, he may then have the matter reviewed by the County Board of Equalization. In the event of an adverse holding there, he may appeal to the district court. Full and complete remedies are provided by statute, and these remedies must be pursued by a property owner who feels aggrieved.

In *Fairall v. Frisbee,* 104 Colo. 553, 92 P. (2d) 748, our court held that in a suit for a declaratory judgment where no question is presented which is properly cognizable under the uniform declaratory judgment act, the suit should be dismissed.

*Palmer v. Perkins,* 119 Colo. 533, 205 P. (2d) 785, was an action for a declaratory judgment brought against the Director of Revenue, praying judgment that a sale which defendant had ruled to be a "retail sale" be declared not to be a "retail sale." Plaintiff had neglected to pursue the statutory remedy contained in the retail sales and use tax act for review of decisions of the Director of Revenue, and defendant filed a motion to dismiss; this motion, our Court held, should have been granted, the opinion reading in part as follows:

"In the trial court a motion was filed on behalf of the director to dismiss the complaint for failure of plaintiffs to pursue the statutory remedy incorporated in the act. The plaintiffs ignored such administrative remedies, failed to ask for a review of the assessment before the director, failed to pay the tax and petition for a refund, and failed to seek review in the district court on certiorari as by law provided.

\* \* \*

"\* \* \* Actions for declaratory judgment were not intended as a substitute for the statutory procedure.

'Declarations relating to tax matters have been refused * * * where there was another adequate remedy available.' * * *

"The rule above announced was approved and adopted by us in the recent case, *Shotkin v. Perkins*, 118 Colo. 584, 199 P. (2d) 295. The trial court there dismissed Shotkin's action for declaratory judgment upon the ground that he had failed to follow the statutory procedure, involved in the instant case, with respect to posting a bond in lieu of payment of the tax assessed by the director of revenue. * * *

* * *

"By failure to exhaust the legal remedies enacted for their use and benefit, plaintiffs are, under the above decision, precluded from maintaining this action, and the motion by the director in the trial court to dismiss, should have been sustained and the action dismissed."

 The statutory remedy being available to the plaintiffs in the event of an incorrect valuation of their property, the trial court was right in dismissing the amended complaint.

 The order of the district court requiring defendants to pay for the additions to the record requested by them, was not such a final judgment as would form basis for a cross-specification of error, under the record as here presented. Rule 112 (b) R.C.P. Colo. provides that, "The cost of preparing the record shall be advanced by the party seeking to reverse the judgment, except that the trial court may, upon objections by him, order the opposing party to advance payment forthwith for the cost of preparing such parts of the record designated by him as the court shall determine are *unessential* to a complete understanding of the controversy; * * *" (Emphasis supplied).

The judgment of dismissal sought to be reversed, related solely to the amended complaint, and it is apparent from the order made by the trial court respecting the payment of costs, that he regarded the original com-

plaint, and the motion to dismiss the same, as unessential. We cannot see how in this case the original complaint, or any motion directed thereto, could be considered in connection with the defendants' motion to dismiss the amended complaint. We conclude that the defendants' cross-specification is without merit.

Judgment affirmed.