No. 25897

**Richard A. Francis, Administrator of the Estate of Russell K. Parks v. The Colorado Board of Social Services and Con F. Shea, as its Executive Director**

(518 P.2d 1174)

Decided February 11, 1974.

Walter C. Brauer III, Jon S. Nicholls, for plaintiff-appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, Douglas D. Doane, Special Assistant, Charles B. Lennahan, Special Assistant, for defendants-appellees.

*En Banc.*

138

MR. JUSTICE DAY delivered the opinion of the Court.

From a summary judgment in the Denver District Court, upholding the denial of a claim for old age pension to one Parks, the administrator of the estate of Parks — now deceased — brings this appeal.

Appellee Colorado Board of Social Services — hereafter called the Board — is responsible for the administration of old age pensions and had denied Parks' claim.

Originally, Parks filed an application for old age pension with the Denver Department of Welfare. He was informed by letter that his claim had been denied on the ground that his income was in excess of the amount necessary to qualify for old age pension. The income specifically referred to as placing Parks above the limitation established by law was a monthly annuity of $204.15 which he received under the Federal Railroad Retirement Act, 45 U.S.C. 201 *et seq.*

Following the mail-transmitted denial, a hearing was had. The examiner concluded that the denial on the basis of the excess income was "in accordance with the laws of the State of Colorado and the regulations of the State Department of Social Services." On review of that finding, the Board affirmed, as did the district court. Because Parks died during the pendency of the litigation, the administrator was substituted as the proper party, C.A.R. 43(a).

I.

█ Appellant first presents the question whether the classification of a railroad retirement annuity as income by the Board, in computing need for old age pension, conflicts with Colo. Const., art. XXIV, § 3. We hold it does not.

█ The state constitution has a comprehensive scheme for old age pension. In pertinent part, section 3 of the article provides: "nor shall any person be denied a pension for the reason that he owns *personal property* which *by law* is exempt from execution or attachment." (Emphasis added.) Appellant posits that, inasmuch as the pension paid under Railroad Retirement Act is exempt from attachment [45 U.S.C. § 228a *et seq.* (1937)], Colorado cannot, consistent

with the constitution, deny him a pension. We reject the argument.

■ First, that provision of the constitution requires that, in order to be within its provisions, the property claimed as exempt from consideration must be *personal* property. A reading of the Old Age Assistance Act, C.R.S. 1963, 101-1-1 *et seq.,* convinces us that income including railroad retirement annuities is not personal property. Although income is not specifically defined by this article, C.R.S. 1963, 101-1-1, the intention of the legislature to exclude annuities and other income from personal *property* can be inferred from the Act. In every respect, income and personal property are distinguished. The section of the Act setting forth eligibility, for example, states that pensions shall be given to any person "who has insufficient *income,*" C.R.S. 1963, 101-1-4(1)(d). Yet those persons who have made "an assignment or transfer of *property*" were treated as a separate class of applicants under the Act. *Id.* (e). If the terms were synonymous, the contrary should obtain. Then, too, this section further distinguishes *"income* and *property" id.* (3). Were this not enough, the legislature, by C.R.S. 1963, 101-1-6, defined the right to own *property,* specifically protecting "personal property," "real estate" and "life insurance." Annuities, and other forms of income, were excluded from "property." These distinctions, in our view, establish that the legislative intent was to treat personal property and income differently. *See also* C.R.S. 1963, 101-1-10; *id.* 101-1-16 (income and property further distinguished). In light of the comprehensive statutory scheme, excluding income from the personal property exemption, we see no basis for the judiciary to decree that annuity *income* is in fact personal property and other income is not.

■ Appellant contends, however, that the constitutional provision should be read in light of federal law, and, therefore, annuities should be treated as personal property. We hold, however, that the provision excluding from calculations of need "personal property which *by law* is exempt from execution or attachment," refers to Colorado law, not

federal law, by reason of C.R.S. 1963, 101-1-6, implementing the constitution. That section provides that
"* * * [no person] shall be denied a pension by reason of the fact that he is the owner of real estate occupied by him as a residence, nor shall any applicant otherwise qualified to receive a pension be denied a pension by reason of the fact that he is the owner of personal property which is exempt by the *laws of Colorado* * * *." (Emphasis added.)

In answering *In Re Interrogatories,* 99 Colo. 591, 65 P.2d 7 (1937), we held that the legislature had the power to implement the amendment because — save creation of the specified fund — it was not self-executing. Likewise, if the constitution is ambiguous, the legislature may clarify it. *City and County of Denver v. Gushurst,* 120 Colo. 465, 210 P.2d 616 (1949). Any ambiguity as to whether Colorado law applied has been resolved in section 101-1-6. In summary, the statutes of Colorado, implementing the constitutional provision, distinguish personal property from income. That distinction must control.

## II.

As his second ground for reversal, appellant argues that a restrictive reading of Colo. Const., art. XXIV, § 3, would mean that section would conflict with 45 U.S.C. § 228a *et seq.* and thus violate the supremacy clause of the United States Constitution. U.S. Const., art. VI, § 2. We do not agree.

Our holding that railroad retirement annuities must be considered as income for purposes of determining need for old age pension in no way conflicts with the protections of 45 U.S.C. § 228a *et seq.* Such annuities remain, as federal law dictates, immune from execution and attachment.

The judgment is affirmed.