MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
This is an appeal by a taxpayer, Johnson, from a district court order dismissing his appeal of a sales tax assessment by the City of Pueblo.
On August 3, 1973, the City of Pueblo sent to Johnson, by certified mail, return receipt requested, a “Notice of Final Determination — Assessment and Demand For Payment.” The notice was delivered and the signed receipt was returned to the City finance office.
On January 15, 1974, over five months after the tax assessment notice was delivered, the taxpayer filed a notice of appeal in the Pueblo County District Court. On February 4, 1974, the City moved to dismiss the appeal on the ground that the taxpayer had not complied with the review procedures established by section 14-4-27 of the City of Pueblo. On May 6, 1974, the taxpayer filed a cash bond to Cover the amount of the assessed taxes plus interest and penalties.
After an evidentiary hearing to determine if the taxpayer, had received notice that if he did not challenge the tax assessment within ten days of receipt of the assessment notice, the assessment would be final, the district court dismissed the taxpayer’s appeal. The court found that the taxpayer had received notice of the tax assessment and that included with the assessment notice was a statement that the assessment would be final unless the taxpayer filed a challenge pursuant to the Ordinance within ten days. The court held that the notice of assessment and the municipal ordinances under which the notice was sent, fully complied with the due process clause of the Colorado and United States Constitutions.
The taxpayer asserts on this appeal that any notice received by him did not satisfy the requirements of the due process clause. He also challenges the constitutionality of the ordinances which establish the procedures by which a taxpayer may challenge a City tax assessment.
I.
Taxpayer’s argument that he did not receive the notice required by the municipal ordinances must fail. The district court held an extensive adversary hearing on this issue and found that the taxpayer received both a notice of the assessment and a form which in clear language indicated that unless the taxpayer challenged the assessment within ten days, the assessment would be final. These findings are amply supported by the evidence and will not be disturbed on appeal. Siddoway v. Ainge, 189 Colo. 173, 538 P.2d 110 (1975); Muhe v. Mitchell, 166 Colo. 108, 442 P.2d 418 (1968).
*121 II.
The taxpayer’s second contention is that the ordinance that permits notification of sales tax assessments by mail,[1] and the ordinance which forecloses judicial review of the assessment if the taxpayer does not follow the administrative procedures established by the ordinance,[2] are unconstitutional because they deprive the taxpayer of property without due process of law.
We have held on past occasions that failure to exhaust administrative remedies in tax statutes which establish procedures similar, if not identical, to the procedures mandated by the Pueblo ordinances preclude judicial review. Palmer v. Perkins, 119 Colo. 533, 205 P.2d 785 (1949); Shotkin v. Perkins, 118 Colo. 584, 199 P.2d 295 (1949). Such a requirement does not violate due process of law. Hodge v. Muscatine County, 196 U.S. 276, 25 S.Ct. 237, 439 L.Ed. 477 (1904). See Nelson v. City of New York, 352 U.S. 103, 77 S.Ct. 195, 1 L.Ed.2d 171 (1956). See also Catoor v. Blair, 358 F.Supp. 815 (N.D.Ill. 1973), aff’d without opinion, 414 U.S. 990, 94 S.Ct. 345, 38 L.Ed.2d 231 (1973).
Moreover, procedures for notice similar to those contained in the Pueblo sales tax ordinance have been generally upheld against due process attacks. Hodge v. Muscatine County, supra; see Nelson v. City of New Yourk, supra; see also Catoor v. Blair, supra.
The taxpayer had a full opportunity to challenge the tax assessment by following the procedures set out in the ordinances. He failed to make even colorable compliance with those procedures, and the district court therefore correctly held that it could not hear the merits of the taxpayer’s disclaimer of the sales tax liability.
III.
The remaining contentions of the taxpayer are without merit, and, accordingly, we reject them.
Judgment affirmed.
MR. JUSTICE GROVES does not participate.

 Section 14-4-26 of the Code of Ordinances of the City of Pueblo provides:

"14-4-26: NOTICE: MAILING.

“All notices required to be given to the retailer or vendor, under the provisions of this Chapter, shall be in writing. If mailed post-paid by certified or registered mail, return receipt requested to him at his last known address, such service shall be sufficient for the purpose of this Chapter.” [Ord. No. 2189, § 56, 11-8-55; 1957 Code, § 25-57.]

 Section 14-4-27.