## No. 16,289

PEOPLE EX REL. HINKLEY, ATTORNEY GENERAL ET AL.
*v.* MAYTAG.
(218 P. [2d] 512)

Decided March 13, 1950. Rehearing denied May 8, 1950.

Mr. JOHN W. METZGER, Attorney General, Mr. HARRY H. RUSTON, Assistant, Mr. JOSEPH E. NEWMAN, Deputy, Mr. ALLEN MOORE, Assistant, for plaintiffs in error.

Messrs. HANEY & HOWBERT, Mr. CHARLES J. SIMON, for defendant in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

DURING the year 1944 defendant in error, hereinafter called donor, made certain gifts of personal property, consisting of stocks and bonds, to his wife and sons. On February 28, 1945, he filed with the Inheritance Tax Commissioner, on forms supplied for such purpose, his gift tax return, setting forth pertinent information concerning said gifts as required by law. Later, and on July 20, 1945, said donor filed with the commissioner an amended return, adding an item which had been inadvertently omitted from the original return. Differences arose between the commissioner and donor with respect to the value of said gifts, and as a result thereof, many conferences were held, and much correspondence exchanged in relation thereto. All negotiations between the parties were terminated July 16, 1947, upon the rejection by the commissioner of donor's proposal.

During the time the commissioner was making preparations for instituting proper proceedings for the collection of the tax, and on October 6, 1947, this action was brought by the donor to obtain a declaratory judgment in which the court was asked to find, determine and decree that, the commissioner had lost all jurisdiction to compute the tax, and that he was forever barred therefrom, or from taking any steps looking toward the collection of said tax by suit or otherwise, for the reason that the tax had not been computed within six months from and after the filing of said returns, as required by section 11 (a), chapter 111, S.L. '39.

The trial court, April 28, 1949, sustained the contentions of donor; found that there was no tax due or payable to the state on account of said gifts; and accord-

ingly, judgment was entered for plaintiff donor for costs. To reverse said judgment the commissioner is here by writ of error.

Section 1, chapter 111, S.L. '39, being the statute in effect at the time the gifts herein were made, provided: "For the calendar year 1939 and each calendar year thereafter a tax, computed as provided in this act, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift."

Section 10 (b) of the act, as amended by chapter 140, S.L. 1941, provides: *"The tax imposed by this act* shall be a personal liability of the donor, and if not paid when due it shall be the personal liability of the donee to the extent of the value of the gift to him. If any person liable for such tax neglects or refuses to pay the same after demand, *the amount of the tax shall be a lien* in favor of the state of Colorado upon all property and rights of property belonging to such persons *for a period of ten* (10) *years from the time the gift was made;* \* \* \*." (Italics ours)

From the italicized portions of the above section, and from similar statements throughout the act, it is clearly apparent that the gift tax herein considered was imposed at the time the gift was made and became a lien on all the donor's property by operation of law; that there remains but the ministerial duty of the Inheritance Tax Commissioner to determine and compute the amount of the tax in accordance with legislative standards contained in the act; that the obligations or liabilities of the donor thereupon become vested in the state; and that they may not be relinquished or released except upon payment of said tax. Colo. Const., Art. V., §38.

After this action for declaratory judgment was commenced by the donor, and on May 4, 1948, the commissioner, in compliance with the provisions of the act,

completed his audit and investigation of the donor's return and amended return, and officially computed and determined the amount of tax owing by the donor to the state to be $179,204.64. On May 18, 1948, donor filed in said action his "Motion for Preliminary Injunction" alleging, among other things, that the tax commissioner would, unless restrained, proceed to collect the tax herein involved. On the same day said motion was filed, a preliminary injunction was issued by the trial court upon the furnishing of a bond conditioned upon the payment of the tax, costs and damages in the event it should be determined that the tax commissioner had been "wrongfully restrained" from the performance of his duties. The filing of the commissioner's answer in the trial court May 24, 1948, containing the full statement of his computation and determination, in view of all the circumstances of this case, was sufficient compliance with the requirements of the act with reference to service of notice of such determination upon the donor and of demand for payment. It thereupon became the duty of the donor to pay said tax within thirty days from and after May 24, 1948, or thereafter pay interest as by law provided.

The donor herein, in the event he is dissatisfied with the commissioner's determination of said tax, may file, under the provisions of section 15 of the act, written objections thereto in any court of competent jurisdiction "either upon the ground of erroneous valuation, appraisement or assessment" within three months from the date hereof.

It does not appear to be a part of the commissioner's official duties to negotiate, as was done here, over a long period of time with the donor in an effort to compromise on the amount of the tax, or to reach an agreement as to what tax the donor would voluntarily pay, or as to what amount the commissioner was willing to accept. The act makes it the duty of the commis-

sioner to compute and determine the amount of the tax and serve notice of his determination upon the donor without delay. The statute here involved, and our rules of procedure, make ample provision for a speedy and adequate determination of all tax controversies, and we have held that, "Actions for declaratory judgment were not intended as a substitute for the statutory procedure." *Palmer v. Perkins,* 119 Colo. 533, 205 P. (2d) 785.

The judgment of the trial court is accordingly reversed, and the cause remanded with instructions to dismiss the action.

MR. JUSTICE MOORE and MR. JUSTICE HOLLAND dissent.

MR. JUSTICE JACKSON not participating.