No. 17,079.

PEOPLE EX REL. DUNBAR, ATTORNEY GENERAL ET AL.
*v.* MAYTAG.
(270 P. [2d] 782)

Decided April 26, 1954. Rehearing denied May 24, 1954.

Mr. Duke W. Dunbar, Attorney General, Mr. H. Lawrence Hinkley, Deputy, Mr. Neil Tasher, Assistant, for plaintiffs in error.

Messrs. Haney & Howbert, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

L. B. Maytag brought an action against the People of the State of Colorado, ex rel. John W. Metzger, Attorney General, Harry Ruston, Assistant Attorney General and the Inheritance Tax Commissioner of the State of Colorado, et al., in which he sought a judgment and decree that the Inheritance Tax Commissioner of the state was without lawful power and authority to make any determination or assessment on account of gifts made by

Maytag during the calendar year 1944, and that the purported assessment of such tax was null and void. After defendants' answer was filed, Maytag's motion for summary judgment was granted over the objection of defendants and judgment entered thereon in Maytag's favor. By said summary judgment defendants were restrained from determining, computing, assessing or certifying any tax whatever and also from taking any steps or proceedings for the collection of any such tax. Motion for a new trial was deemed unnecessary. Defendants are here by writ of error seeking a reversal of the judgment.

We shall refer to L. B. Maytag by name or as plaintiff, and to defendants as defendants or Inheritance Tax Commissioner as those positions were taken by them in the trial court.

In the instant case, the matter was heard and issues determined upon stipulated facts, reference to which will be hereinafter made. Specifically, it was stipulated, inter alia, "The issues which the parties to this Action hereto seek to have determined in this phase of the case are as follows: 1. Defendants contend that a lawful determination of the Gift Tax involved in this case was made by the Commissioner on the fourth day of May, 1948, and that lawful notice of such determination was given by the Commissioner to Maytag on May 24, 1948, by the filing of the Commissioner's Answer in the Former Action, which Answer contains the Sixth Affirmative Defense setting forth the computation and amount of said tax. A copy of said computation of said tax is attached to Plaintiff's complaint * * *."

"Maytag contends that there was no lawful determination of the said Gift Tax and that there was no lawful notice of such determination given to Maytag by the Commissioner. Maytag further contends that no lawful determination of the Gift Tax involved in this matter has ever been made by the Commissioner and that no lawful notice of a Gift Tax in this matter has ever been given to Maytag to the Commissioner. Maytag further

contends that no lawful determination of the Gift Tax in this matter could be made by the Commissioner after the expiration of six months from July 20, 1945, or that any lawful notice of any such determination could be given by the Commissioner to Maytag after the expiration of said six months' period."

By the stipulation it was agreed that in the determination of the case every exhibit attached to either the complaint or the answer thereto is made an exhibit hereto by reference, and, further, that the trial court might examine the record in a declaratory judgment action between these parties theretofore determined in considering defendants' plea of res judicata. It therefore becomes our problem to determine the legal relationship and effect the decree in said declaratory judgment action has on the instant litigation.

The record in the declaratory judgment action, which we will now discuss, discloses that on October 6, 1947, Maytag filed an action in which it was alleged that during the year 1944 he had made very substantial gifts consisting of stocks to members of his family, and on February 28, 1945, filed his Colorado gift tax return on forms provided by the Inheritance Tax Commissioner, specifying the persons to whom the gifts were made and the value thereof. So far as the record discloses, in June, 1945, and continuing until September, 1947, there was desultory correspondence between plaintiff and defendants respecting the value of the various stocks reported in Maytag's gift tax return, in which correspondence the parties both indicated a desire to *compromise* the gift tax due. Finally the Inheritance Tax Commissioner, on July 1, 1947, wrote a rather peremptory letter to plaintiff's attorney, submitting two propositions by way of *compromise,* concluding the letter by advising that unless one of the two propositions contained in the letter was accepted within fifteen days from the date thereof, suit would be commenced to collect a tax then computed by him to be $182,773.77. Ultimately, and on July 18,

1947, after the exchange of several more letters, Maytag's attorney advised the Inheritance Tax Commissioner that inasmuch as he then was advised that all negotiations leading toward a *compromise* settlement had been terminated by the Inheritance Tax Commissioner, he desired to advise that under those circumstances Maytag was withdrawing any offer to pay any tax whatever.

As we have said, on October 6, 1947, Maytag commenced his declaratory judgment action in which he alleged, and by stipulation it is admitted here, that the Inheritance Tax Commissioner completed his official audit on or about May 4, 1948, and on May 24, 1948, defendants filed their answer, in which the Inheritance Tax Commissioner officially computed and determined the gift tax owing in the amount of $179,204.64 by setting forth the person to whom the gift was made and the value of the stocks comprising the gifts. In the present proceeding it is further stipulated that the issues to be determined are whether the tax assessment and computation of May 4, 1948, as well as the notice thereof, were sufficient to comply with the provisions of the pertinent statutes. The statute with reference to the computation and assessment of the tax is section 11 (a), chapter 111, page 409, S.L. Colo. 1939, and reads: "Except as provided in subsection (b), the amount of taxes imposed by this act shall be determined by the commissioner within six (6) months after the return was filed." Subsection (b), supra, is not here involved.

With reference to the notice of the amount of tax due, section 1, chapter 140, page 453, S.L. Colo. 1941, is here controlling. It reads in part: "Section 10 (a) The amount of tax shall be determined by the commissioner. Notice of the amount thereof shall be given to the donor by personal service or registered mail and the date of determination shall be deemed to be the date of such personal service or mailing. * * *"

The only two questions presented by plaintiff in his

declaratory judgment action arose under the two sections, supra. Plaintiff's prayer in the declaratory judgment action is fully indicative of the relief sought therein, and it reads: "Wherefore, Plaintiff prays that the Court take jurisdiction of this matter and that the Court declare and determine the rights of the parties hereto under the laws and statutes of the State of Colorado relating to Gift Tax, and that the Court find, determine and decree that the defendants herein, and each of them, are forever barred from computing any tax on account of the gifts shown in Gift Tax Returns or to make any assessment thereof or to collect any tax, by way of suit or otherwise, from this Plaintiff, because of said gifts disclosed by said Gift Tax Returns."

Defendants answered plaintiff's petition for declaratory judgment, and, as we have said, in one of the defenses therein the computation of tax and service of notice was set out. On motion of plaintiff, and over the objections of defendants, the trial court granted plaintiff's motion for summary judgment, and it was accordingly entered, in effect holding that the provisions of section 11 (a), supra, were mandatory; that section 1, supra, was likewise mandatory. It is conceded that neither of said sections had been literally complied with by defendants. The trial court held: "The Commissioner [Inheritance Tax Commissioner] is now and has been since the expiration of six months after the date of the filing of said Colorado Amended Gift Tax Return [July 20, 1945, which reported a non-taxable small gift], without right or authority to compute, determine, appraise or assess any values or any tax whatever because of the gifts made by plaintiff during the calendar year 1944."

Accordingly, judgment was entered in favor of plaintiff and against defendants, and the court made its injunction formerly entered in the declaratory judgment action permanent, in which injunction the court restrained, "* * * the defendants and each of them, and

particularly the Inheritance Tax Commissioner for the State of Colorado, his deputies, agents and employees, from determining, computing, assessing or certifying any tax whatever, and from taking steps or proceedings whatever for the collection of any such tax on account of or because of the gifts made by plaintiff in the calendar year 1944, * * *." As hereinbefore stated, a motion for a new trial was deemed unnecessary.

Defendants brought the summary judgment here by writ of error seeking a reversal thereof, and our opinion is found in *People ex rel. v. Maytag,* 121 Colo. 446, 218 P. (2d) 512. In the court's opinion, sections 1 and 15, chapter 111, S.L. Colo. 1939, and section 10 (b), chapter 140, S.L. Colo. 1941, are considered. With reference to section 10 (b), supra, our Court said: "The gift tax herein considered was imposed at the time the gift was made and became a lien on all the donor's property by operation of law; that there remains but the ministerial duty of the Inheritance Tax Commissioner to determine and compute the amount of the tax in accordance with legislative standards contained in the act; that the obligations or liabilities of the donor thereupon become vested in the state; and that they may not be relinquished or released except upon payment of said tax. Colo. Const., Art. V., §38."

With reference to the notice of the amount of tax provided in section 10 (a), supra, we therein held that, "The filing of the commissioner's answer in the trial court May 24, 1948, containing the full statement of his computation and determination, in view of all the circumstances of this case, was sufficient compliance with the requirements of the act with reference to service of notice of such determination upon the donor and of demand for payment. * * *"

Our Court further held that if the donor was dissatisfied with the commissioner's determination of the gift tax by the Inheritance Tax Commissioner, his sole and only remedy was under the provisions of section 15,

supra, which reads: "Any person * * * dissatisfied with the assessment or the tax determined by the said Inheritance Tax Commissioner may object thereto, either upon the ground of erroneous valuation, appraisement, or assessment or otherwise by written objections or petitions filed in any court of competent jurisdiction within three (3) months after said gift tax shall have been determined by said commissioner. * * * The said court shall thereupon, after a hearing wherein the attorney general shall represent the state, *review said appraisement and assessment and modify or confirm said appraisement and assessment in whole or in part.* * * * (Italics ours)

In the opinion in *People ex rel. v. Maytag, supra,* our Court determined that the provisions of section 1, supra, and section 11 (a), supra, had been substantially complied with; we held that plaintiff's only relief could be obtained under the provisions of section 15, supra. If in the declaratory judgment action we had determined that the computation within the six months period was mandatory rather than directory, or if we had determined that the computation contained in defendants' answer filed on May 24, 1948, was legally insufficient to comply with the statutory provisions pertaining to the service of notice, we necessarily would have affirmed the judgment of the trial court, and a declaratory judgment action would have been a proper procedure. However, having determined that both the computation and notice thereof was sufficient to charge plaintiff with the payment of the gift tax, we remanded the cause and ordered its dismissal. We definitely pointed out that any relief to which Maytag thought himself entitled could be obtained only by resort to the statutory procedure provided by section 15 (a), supra.

In the instant case, filed on June 9, 1950, within approximately a month after our decision in *People ex rel. v. Maytag, supra,* plaintiff filed his petition and objections and specifically alleged: "This Petition, this Appeal

and these Objections are filed and presented in compliance with and by the authority of Section 15, Chapter 111, p. 409, 1939 Session Laws of the State of Colorado." Attached to his petition and objections as exhibits, among others, are the Colorado gift tax return and amended Colorado gift tax return for declaratory judgment; order granting preliminary injunction in the declaratory judgment action; defendants' answer in the declaratory judgment action, in the sixth defense of which is the official computation; determination of the gift tax due, and the summary judgment entered in the declaratory judgment action.

In plaintiff's petition and objections we find the following: "The sole and only issues raised in Said Declaratory Judgment proceeding in this Honorable Court and the only issues contended for by any party to said action in this Honorable Court and the only issues considered by or decided by this Honorable Court in said matter in said suit are as follows:

"(a) Was the subject matter in said Declaratory Judgment proceedings such as could be determined in a Declaratory Judgment proceeding,

"(b) Did the Inheritance Tax Commissioner have a lawful right to determine or assess any Gift Tax whatsoever after the expiration of six months after the original return was filed and after the amended return was filed with the Commissioner, and

"(c) If the Inheritance Tax Commissioner did have a lawful right to make any determination or assessment of any Gift Tax, did he, the Commissioner, have a right to increase the values of said gifts over and above the values shown in said Gift Tax Return."

At this point, by reference to our opinion in *People ex rel. v. Maytag, supra,* we find the answer to (a), supra, to be *No;* to (b), supra, to be *Yes;* there is no question raised in our opinion in the declaratory judgment which calls for a determination of question (c), supra.

We find in the petition and objections in the instant

case the following: "This Plaintiff respectfully shows, states, alleges and charges that said Commissioner is now and has been at all times subsequent to six months after the date of the filing of said Amended Gift Tax Return with him on the 20th day of July, 1945, without lawful right, jurisdiction, power or authority to make any appraisement, determination or assessment of any Gift Tax on account of said gifts and is without such lawful right, jurisdiction, power or authority to give any lawful notice to this Plaintiff because of any such tax or to make any demand upon this Plaintiff for the payment of any such tax and that this Plaintiff is not liable for the payment of any Gift Tax whatever to the State of Colorado on account of said gifts shown in said Gift Tax Returns, * * *."

In the instant action the prayer indicative of the relief sought by allegations of the complaint is: "That this Honorable Court find, adjudge and decree that the Inheritance Tax Commissioner of the State of Colorado is now and has been since the expiration of six months after the filing of said Amended Gift Tax return, without lawful right, power, authority or jurisdiction to make any determination or assessment whatever on account of gifts made by this Plaintiff during the year 1944 and that the purported and pretended determination or assessment of Gift Tax as hereinbefore shown is null, void and of no effect."

Defendants filed their answer consisting of seven defenses and a counterclaim, the seventh defense being the only one which we deem it necessary to consider and determine, and it is a plea of res judicata. From the prayer of the petition and objections in the instant case and a reading thereof, Maytag again challenges the legal sufficiency of the computation of the gift tax; likewise the legal sufficiency of the notice thereof. In addition thereto he alleges that the Inheritance Tax Commissioner, in making his computation and assessment, used

a wrong basis upon which to determine the values of the stocks specified in the gift tax return.

In this action Maytag takes the position that all of our opinion in *People ex rel. v. Maytag, supra,* pertaining to a construction of sections 10 (b), supra, 11 (a), supra, and 15, supra, is obiter dicta, and therefore, is not binding upon the trial court or Maytag, or upon our court. With this we cannot agree.

In the declaratory judgment action plaintiff specifically sought an answer to two questions: 1. Was the computation and assessment of the gift tax by the Inheritance Tax Commissioner on May 4, 1948, lawfully sufficient to charge Maytag with the payment thereof, and, 2. Was the notice contained in defendants' answer, filed on May 24, 1948, lawfully sufficient? As we have said, it was necessary that we determine the legal sufficiency of the computation and assessment as well as the notice before we could determine whether a declaratory judgment action was the proper method of raising the question there. In the instant case Maytag again seeks our opinion on these two specific questions, and counsel for the Inheritance Tax Commissioner object to a relitigation of these two specific questions, claiming that res judicata precludes such consideration.

█ Our latest decision on the question of res judicata is *Newby v. Bock,* 120 Colo. 454, 210 P. (2d) 985, wherein is the following: "The general rule seems to be that if there is identity of subject matter, identity of cause of action, identity of persons to the action, and identity of capacity in the persons for which or against whom the claim is made, that these four identities existing, a prior judgment is conclusive not only as to every question actually presented and decided, but also as to every question within the issues which might have been presented and determined. Accordingly, the rule announced in *Pomponio v. Larsen, supra,* has been the rule in this jurisdiction from its early history and finds support in many other jurisdictions and recognized texts and en-

cyclopedias [citing cases]." Defendants' plea of res judicata contained in their seventh defense is valid and should have been so held by the trial court.

In *People ex rel. v. Maytag, supra,* we held that the provisions of the statute there considered were directory and not mandatory, and we reaffirm that holding. In *Citizens' Committee v. Warner,* 127 Colo. 121, 254 P. (2d) 1005, we were called upon to determine whether certain statutes referring to the duties of assessors were mandatory or directory, and we therein affirmed a long-standing rule of law announced in *Tallon, Treasurer v. Vindicator Consolidated Gold Mining Co.,* 59 Colo. 316, 328, 149 Pac. 108, which reads: "Whether statutes involving the constructive steps incident to taxation are mandatory or directory depends upon whether or not the directions given the officers are for the benefit of the taxpayer, to give him *notice and an opportunity* for a hearing, or for any other *purpose important* to him."

In the present case Maytag may not complain that he has not had notice and an opportunity for a hearing for that is identically what was given him by our decision in the above entitled cause, and that is one of the matters which he seeks in the instant case under the provisions of section 15, supra.

On February 28, 1945, at the time the Colorado gift tax return was filed by Maytag, he admitted thereby that the state was entitled to a gift tax on a valuation of $1,753,000.00, and presumably was then and there willing to pay a gift tax computed on that basis. The Inheritance Tax Commissioner, by his unreasonable delay in the performance of his duties, did not make a computation until May 4, 1948, during all of which time Maytag had the benefit of the gift tax due on his reported gifts for his personal use, and the state was deprived thereof. Certainly Maytag was not in any way prejudiced or injured by reason of the Inheritance Tax Commissioner's inattention and delay.

Our decision in *Citizens' Committee v. Warner, supra,* was approved in *Northcutt v. Burton,* 127 Colo. 145, 254 P. (2d) 1013. See, also: 2 Sutherland, Statutory Construction (2d ed.), p. 217, sec. 2804; 2 Cooley, Taxation (4th ed.), p. 1133, secs. 510, et seq.

■■ There is another and equally cogent reason for holding that the trial• court committed error in entering a summary judgment in this case. Section 15, chapter 111, S.L. Colo. 1939, sets forth a statutory procedure available to a donor in event he is "dissatisfied with the assessment or the tax determined by said inheritance tax commissioner." As we construe this portion of said section 15, it is applicable only where there has theretofore been an assessment and tax determination by the Inheritance Tax Commissioner, and the objections therein provided are limited to questions of "erroneous valuation, appraisement, or assessment or otherwise." Under our well-recognized rule of ejusdem generis, the words "or otherwise" qualify erroneous valuation, appraisement or assessment (*Denver v. Taylor,* 88 Colo. 89, 292, Pac. 594; *Heberer v. Chaffee County,* 88 Colo. 159, 293 Pac. 349), and we are strengthened in our view on the construction of the words "or otherwise" as being limited by the valuation, appraisement or assessment for in said section we note that when the donor complains he may proceed, as Maytag specifically says he is proceeding in the instant case, by filing his written objections or petitions in a court of competent jurisdiction within three months after the gift tax has been determined by the Inheritance Tax Commissioner. The court acquires a limited jurisdiction after a hearing upon said "written objections and petitions" to "review said appraisement and assessment and modify or confirm" the same in whole or in part. Under section 15, supra, it is apparent that the trial court's jurisdiction is limited to the statutory procedure contained in said section; it therefore is precluded for entertaining any jurisdiction whatever to consider the question of timely computation of the tax

and timely notice thereof, and in so doing in the instant case it committed reversible error.

 We call attention to the fact that in all of the correspondence between the defendants' predecessors and the attorneys for Maytag it is evident that both these parties were trying to *compromise* the gift tax due the State of Colorado. Neither the Attorney General nor the Inheritance Tax Commissioner has any right or authority to compromise anything in the instant case. Under the statute it is the duty of the Inheritance Tax Commissioner to *fix and determine,* by whatever standards he deems equitable, proper and just, the market value of the gifts reported in the gift tax return, and, having done so, determine the exact amount of the gift tax due thereon and serve notice thereof as provided by statute.

It is stipulated that the stocks listed here were quoted on a recognized stock exchange. We call attention to the fact that the long delay in making the appraisement and determination of the gift tax in the instant case clearly indicates a lack of attention and efficiency on the part of those officers of the State of Colorado charged with duties under the statute, and the litigation here is attributable entirely to the lack of attention given by these officials to important matters entrusted to them.

The judgment is reversed and the cause remanded with instructions to the trial court to hold a hearing; review the appraisement and assessment herein; and, based on the evidence adduced at said hearing, either modify or confirm said appraisement in whole or in part, and add to such appraisement and assessment, interest as provided in section 1, chapter 140, page 453, S.L. Colo. 1941.